HENRY LEIFERANT, RESPONDENT, v. PROGRESSIVE AGENCY, INCORPORATED, APPELLANT.

Submitted December 11, 1922—Decided March 5, 1923.

1. No ruling relating to the reception or rejection of evidence will be reviewed unless the record discloses that an objection to such ruling was duly made or such ruling otherwise challenged at the time of the ruling. "I desire to note an exception" is an appropriate expression to advise the trial judge that his ruling is to be the subject of review. *Kargman* v. *Carlo*, 85 N. J. L. 635.

2. Unless there is a request to charge upon a particular point error is not assignable, because the trial judge may have omitted to charge upon such point. The omission to state any legal principle which may be pertinent or applicable to the case affords in itself no ground for reversal upon appeal.

On appeal from the Essex County Circuit Court.

For the appellant, *Lum, Tamblyn & Colyer.*

For the respondent, *Lionel P. Kristeller.*

The opinion of the court was delivered by

BLACK, J. The suit in this case was brought to recover for services. The services rendered were from November, 1919, to January, 1921. They were performed in the import department of the defendant, under an alleged agreement. The answer filed was a general denial. The trial resulted in a verdict for the plaintiff. The controverted question in the case is, was there an agreement between the parties to pay for the services rendered? There are two grounds of appeal—*first,* error in admitting testimony; *second,* failure to charge by the trial court that the burden of proof was upon the plaintiff.

The testimony complained of was in reference to two questions, viz.: "Q. Testify what that conversation was." "Q. Tell us what Mr. Harmelin said to you and what you said to

him." To the first question Mr. Lum objected "exception." This question was not answered. Then another question was asked and answered. Then the second question, which is alleged as error, was asked, to which there was no objection interposed or exception noted. Afterwards, the witness, when cross-examined by the defendant, was interrogated at length on the subject and details of the conversation. Then on the defence Mr. Harmelin was called as a witness; he denied the statement of Mr. Wagner that the plaintiff was to receive $50 per week, the subject of the controverted testimony.

The settled and accepted rule is, no ruling relating to the reception or rejection of evidence will be reviewed unless the record discloses that an objection to such ruling was duly made or such ruling otherwise challenged at the time of the ruling. *Kargman* v. *Carlo*, 85 *N. J. L.* 635.

In that case Mr. Justice Trenchard, speaking for this court, gave the following as an appropriate expression to advise the trial judge that his ruling is to be made the subject of review, "I desire to note an exception;" that case has been cited many times by this court with approval. *Webster* v. *Freeholders of Hudson*, 86 *N. J. L.* 258; *Lams* v. *Fish*, *Id.* 321; *Coppola* v. *Grande*, 88 *Id.* 324; *Daly* v. *Ewald*, *Id.* 707; *Clark* v. *Hudson, &c., Railroad Co.*, 89 *Id.* 709; *Doran* v. *City of Asbury Park*, 91 *Id.* 653; *Mausert* v. *Mutual Distributing Co.*, 94 *Id.* 225; *Kanouse* v. *Donatonia*, *Id.* 517; *Thibodeau* v. *Hamley*, 95 *Id.* 183; *Baker* v. *Fogg, &c., Co.*, *Id.* 233; *Burt* v. *Brownstone Realty Co.*, *Id.* 461; *Supreme Court Rule No.* 144. There is no error here.

The second ground of appeal is thus stated; Mr. Lum, "I except to the court's failure to charge that the burden of proof is upon the plaintiff." "Exception noted as ground of appeal." The settled and accepted rule of practice on this point is, unless there is a request to charge upon a particular point error is not assignable, because the trial judge may have omitted to charge upon such point. *Westcott* v. *Garrison*, 6 *N. J. L.* 132; *Folly* v. *Vantuyl*, 9 *Id.* 153; *Cole* v. *Taylor*, 22 *Id.* 59; *Hetfield* v. *Dow*, 27 *Id.* 440; *Farrell* v. *Colwell*,

30 *Id.* 123; *Meade* v. *State,* 53 *Id.* 601; *Camden, &c., Railroad Co.* v. *Williams,* 61 *Id.* 646; *Dunne* v. *Jersey City, &c., Co.,* 73 *Id.* 586, 590; *Daggett* v. *North Jersey Street Railway Co.,* 75 *Id.* 630, 638; *Chess* v. *Vockroth, Id.* 665; *Miller* v. *Delaware, &c., Co.,* 85 *Id.* 700, 703; *Lange* v. *New York, &c., Railroad Co.,* 89 *Id.* 604; *State* v. *Dichter,* 95 *Id.* 212. But in *Benz* v. *Central Railroad of New Jersey,* 82 *Id.* 198; affirmed, for the reasons expressed in the Supreme Court, 83 *Id.* 780, it was said, it was the duty of counsel to request the judge to charge, or at least to pray an *exception to the omission so to do.* In that case the words, the omission so to do, must be construed to mean an omission to charge a specific request and not an exception to an omission to charge when no specific request is made.

We think the true rule is stated by Chief Justice Green in the case of *Cole* v. *Taylor,* 22 *N. J. L.* 59. The omission to state any legal principle which may be pertinent or applicable to the case, or the omission to give any charge whatever, when no charge is requested, affords in itself no ground for a new trial, much less for reversal upon a writ of error or appeal.

There being no error in the record the judgment is affirmed.

*For affirmance*—The Chancellor, Chief Justice, Swayze, Trenchard, Parker, Bergen, Kalisch, Black, Katzenbach, White, Gardner, Ackerson, Van Buskirk, JJ. 13.

*For reversal*—None.