## MORRIS L. RUBIN, PLAINTIFF-APPELLEE, v. EDWARD BLAU, INCORPORATED, DEFENDANT-APPELLANT.

Decided June 25, 1924.

**Workmen's Compensation—Question of Fact Which Court Should Leave to Jury—Court's Instructions Substantially Correct.**

On appeal from the East Orange District Court.

Before Justices KALISCH and KATZENBACH.

For the appellant, *Stein, Stein & Hannoch* (*Herbert J. Hannoch*, of counsel).

For the appellee, *Irving Weinstein* (*Jerome Heyman*, of counsel).

PER CURIAM.

This is an appeal from a judgment of the East Orange District Court given on a verdict of a jury in favor of the plaintiff and against the defendant for $311.

There are only two ground of appeal presented and argued in the appellant's counsel's brief.

The first is that the trial judge erred in his charge to the jury that if the jury should find for the plaintiff it should assess his damages at forty per cent. of $840, which is $311.

To support this contention it is argued that the scale of plaintiff's compensation was a disputed question of fact which the court should have left to the jury, instead of requiring the jury to find for the plaintiff in the full amount claimed.

A reference to the charge discloses that there is no substantial foundation for he appellant's contention.

The trial judge instructed the jury as follows:

"If you find as a *matter of fact*, by a preponderance of the

evidence, that the plaintiff did have such an agreement *as testified to by himself* and Mr. Biton and Mr. Strauss with the defendant corporation, or its duly authorized representatives or agents, under the terms of which he was to receive forty per cent. of the commissions received by the corporation upon procuring of either the seller or the purchaser, or, in this case, the lessee or lessor, and that he did procure, or was procuring, cause of the lessor's entering into the arrangement with the lessee, then your verdict shall be for the plaintiff. It is incumbent upon the plaintiff to make out this case by a preponderance of the evidence, and that is as outlined before. And if you don't find by a preponderance of the evidence as above outlined your verdict shall be for the defendant. If you find for the plaintiff you shall assess his damages at forty per cent. of $840, which is $311."

Mathematically this is incorrect, but as $25 had been credited on account, the amount stated was right.

It is to be observed that an exception was taken to the latter part of the court's charge, and to consider such detached portion of the charge, without heeding to what was said in its natural connection immediately preceding, would be not only contrary to all well-established legal precedents, but eminently unfair and unjust.

It is therefore quite obvious that under the instruction given by the court the dispute as to the sale of plaintiff's compensation was left to the jury for determination.

A plain reading of the testimony demonstrates the accuracy of what the court said on the subject. The plaintiff and two witnesses testified that the contract between the defendant and the salesman was that if a salesman brought in either tenant or landlord he would be entitled to forty per cent. of the commission that the defendant received. The defendant's witnesses testified that only ten per cent. would go to the salesman in that event. Because the court did not charge that if the jury believed the defendant and its witnesses as to the scale of compensation, the plaintiff's damages should be assessed at ten per cent. instead of forty per

cent.; that, therefore, the jury was deprived of passing upon a proposition essential to defendant's defense. The complete answer to this contention is that the defendant's counsel made no request to this court so to charge.

It is no longer a debatable question in this state that, unless there is a request to charge upon a particular point, error is not assignable, because the trial judge may have omitted to charge on that point. The omission to state any legal proinciple which my be pertinent or applicable to the case affords in itself no ground for reversal. *Leiferant* v. *Progressive Agency, Inc.,* 120 *Atl. Rep.* 26.

The second and only other reason urged for a reversal is based on the refusal of the trial judge to charge: "There was no consideraticn for the promise made by either Leslie or Edward Blau [if any such promises was made] to pay commissions that might accrue in the future on deals in which Rubin had worked. Hence, no recovery for the plaintiff can be based on that promise."

We think this request was properly refused.

It appears from the testimony that at the request of the defendant corporation the plaintiff having entered into an agreement for forty per cent. commission, turned in the leads and acquainted the defendant with the negotiations for the leasing of the property in question to the Cornell cafeteria. It may very well be that he could have turned over this matter to some other real estate company if he had chosen to do so, but that fact does not detract from the transaction the element of consideration to support the plaintiff's claim.

We have reached the conclusion that there was proof of ample consideration to support the agreement for the payment of commissions.

Judgment is affirmed, with costs.