ELIAS TALMAGE AND I. V. TALMAGE v. JANE DAVENPORT.

1. It is the duty of a court to expound the law to the jury for its guidance, when requested to do so on the trial of a cause.
2. When the court, being requested to charge upon the law touching the existence of a by-road, (such existence being an issue in the cause,) read to the jury an extract from an opinion of the court in another case, which, standing alone, was calculated to mislead the jury, it was an insufficient charge.

Error to the Circuit Court of the county of Morris.

For plaintiff, *T. Little*.

For defendant, *J. Vanatta*.

THE CHANCELLOR read the opinion of the court.

The plaintiff's action is founded—

1. Upon a private right of way.

2. Upon the existence of a by-road across the lands of one of the defendants.

On the trial the court was requested to instruct the jury, what in law constituted a by-road, and what evidence was necessary to establish the existence of such road. The court declined to give the instructions prayed for, and this refusal is assigned for error.

The point upon which the charge was asked was pertinent

and material to the issue.   It is one of the clearest and most
important duties of a court to expound the law to the jury,
for its guidance and instruction.   The faithful performance
of this duty is absolutely essential to the value, if not to the
very existence of the trial by jury.

It is not supposed that the learned judge designed either
to ignore the duty or to evade its performance.   On the
contrary the charge contains the most clear and explicit in-
structions to the jury, touching the law in regard to a private
right of way, and the character of the evidence necessary to
establish it.   But upon the issue touching the existence of a
by-road, the judge read an extract from the opinion of this
court, in *Van Blarcom* v. *Frike*, 5 *Dutcher* 516, which
standing alone, detached from the context, was calculated to
mislead the jury.   The jury might naturally have inferred
from the language of the opinion, that the determination of
the issue was to be made, irrespective of legal principle.
That the question which they were to try was beyond the
pale of the law, and that the jury were to try not only ques-
tions of fact touching the existence and violation of the plain-
tiff's right, but were to establish by a standard of their own
the essential nature of the right itself.   This certainly was
not the opinion of the court, nor is it a legitimate inference
from the opinion itself.   Had the whole opinion been read,
the difficulty would have been avoided.   What the court
decided in that case was, not that the court erred in giving
instructions to the jury, but that the instruction in one par-
ticular was erroneous.   The instruction was that the main-
tenance of bars across the road, by the owner of the land,
was *conclusive* against the existence of a by-road.   This court
was of opinion that the maintenance of bars by the owner of
the land, was not necessarily conclusive against the existence
of the way.   That however strong the presumption against
the public right might be, it was nevertheless a question of
fact for the jury to decide, whether the use of the way by
the public was of *right* or *permission merely*.   This is clearly
apparent upon the face of the opinion.   And yet it is obvious

that the particular clause of the opinion read to the jury, was open to misconstruction, and that it did not give the instruction that was asked for.

Upon this ground the judgment must be reversed.