WHITALL STOKES v. THE NEW JERSEY POTTERY COMPANY.

1. The president of a corporation has no power, in virtue of his office as president, to execute a bond and warrant of attorney for the entry of a judgment by confession against the corporation.

2. The powers of the president of a corporation over its business and property are strictly the powers of an agent—powers delegated to him by the directors, who are the managers of the corporation and the persons in whom the control of its business and property is vested.

3. The president of a corporation, organized for business purposes, is its chief executive officer, and in virtue of his office has authority to perform all acts of an ordinary nature which, by usage or necessity, are incident to his office, and may bind the corporation by contracts in the usual course of business. His authority to act for the corporation may also be enlarged beyond those powers which are inherent in his office, but those are cases where the agency of the officer has arisen from the assent of the directors, from their consent and acquiescence in permitting him to assume the direction and control of its business, and are instances of the application of the principle that a principal will be liable for the acts of his agent within the apparent authority conferred upon him.

4. That the president of a corporation is the owner of nearly all its capital stock, and is its superintendent and treasurer and the active manager of its affairs, and was accustomed to borrow money for the company's use, will give him no power to encumber its property by a mortgage or judgment confessed for money borrowed.

5. The corporation having become insolvent, its receiver, as the representative of creditors, has the capacity to take the objection that a judgment against the corporation by confession was not obtained in such a manner as to be binding upon the corporation.

On rule to show cause why a judgment should not be set aside. On case certified from Mercer Circuit.

Argued at February Term, 1884, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and SCUDDER.

For the motion, *G. D. W. Vroom* and *F. C. Lowthorp, Jr.*

*Contra, Mercer Beasley, Jr.*

The opinion of the court was delivered by

DEPUE, J. The judgment in this case was entered by confession, in virtue of a bond and warrant of attorney, pursuant to the act directing the mode of entering judgments on bonds with warrants of attorney. *Rev., p.* 81. The bond and warrant of attorney are in the name of the corporation as obligor, and are signed in its corporate name by Henry T. Cook, president. They bear date March 2d, 1882, and judgment was entered April 28th, 1882. The consideration of the bond was $10,000, money loaned to the company on the day the bond bears date. The company has since been declared insolvent, and is in the hands of a receiver. The receiver applies to have the judgment vacated as irregular.

The company was incorporated in 1869, (*Pamph. L., p.* 507,) and organized with a capital paid in of $25,000. It had three directors, Henry T. Cook, John H. Britton and Frank D. Cook. Henry T. Cook was president and treas--

urer, and owned the entire capital stock except two shares, which were owned by the other two directors respectively.

The bond was conditioned for the payment of the money secured, on the 3d of March, 1882, but an agreement in writing was signed by the parties that the loan should be continued for one year, with the privilege of five years additional at the option of the obligee, with the obligation to give one month's notice of the intended termination of the loan, immediately preceding the commencement of another year, with an agreement on the part of the obligee not to enter up judgment upon the warrant of attorney unless a suit should be instituted against the company on an undisputed legitimate claim for $2000 or over, and an agreement on the part of the company not to give any judgment, bond and warrant, or any mortgage, either chattel or real, or to do any act that would interfere with the priority of the obligee's bond and warrant, and that the obligee should be made treasurer of the company during the continuance of the loan, at a salary of $1000 a year. A chattel mortgage made by the company was the occasion of entering judgment on the bond and warrant.

The company had a corporate seal, but the bond and warrant of attorney and the agreement collateral thereto were not either of them sealed with the common seal. I do not deem it necessary to consider whether any seal which is affixed as the corporate seal by competent authority may not become, *pro hac vice*, the seal of the corporation. The bond and the warrant of attorney were not authorized by the board of directors, nor did they become the act of the board by subsequent adoption or ratification. The bond and warrant were executed and delivered by Henry T. Cook, the president and treasurer and the active manager of the company. He executed and delivered the papers without the knowledge or consent of the other directors.

By the charter of this corporation it is provided that "the affairs and business of the said corporation shall be managed by not less than three nor more than five directors, who shall elect one of their number president; and said directors shall

be stockholders in said corporation, and the first directors shall be chosen at a meeting to be called by three of said stockholders upon five days' notice to each stockholder, and shall hold their office for one year and until others shall be chosen to fill their places; said directors shall be elected at the annual meeting of the stockholders, to be held on such day, at such hour of the day, and at such place as the by-laws of said corporation shall direct; a majority of the directors shall, on all occasions when assembled at such time and place as the by-laws shall prescribe, constitute a body competent to transact business, and all business before them shall be decided by a majority of votes; and in case a vacancy shall occur in the board of directors, by death, resignation or a failure of the stockholders to elect the full number authorized by this act, the remaining directors for the time being, or a majority of them, shall have power to fill such vacancy by the appointment of any stockholders." *Pamph. L.* 1869, *p.* 507.

The powers of the president of a corporation, *virtute officii*, over its business and property are strictly the powers of an agent—powers delegated to him by the directors, who are the managers of the corporation, and the persons in whom, as its representatives, the control of its business and property is vested. If the corporation be organized for business purposes, the president is its chief executive officer. He may, without any special authority from the board of directors, perform all acts of an ordinary nature which, by usage or necessity, are incident to his office, and may bind the corporation by contracts in matters arising in the usual course of its business. *Boone on Corp.*, § 144. To this extent, the president, in virtue of his election as such, becomes the agent of the corporation. Beyond the powers which usage and custom and the necessities and convenience of business require in the executive officer of a corporation, he has no more control over the corporate property and funds than any other director.

As illustrative of the restricted powers of a president of a corporation in the management of its business and control over its property, I will refer only to two cases in our own courts.

In Titus *v.* Cairo and Fulton R. R. Co., this court held that a power of attorney executed by the president of a corporation, authorizing a sale of its bonds in the market, gave the agent no power to sell, and that the president could not execute such a power without the authority of the board of directors. In delivering the opinion of the court, Mr. Justice Van Syckel said : "In the absence of anything in the act of incorporation bestowing especial power upon the president, he has, from his mere official station, no more control over the corporate property and funds than any other director. The affairs of corporate bodies are within the exclusive control of their boards of directors, from whom authority to dispose of their assets must be derived. The act of a president or other officer, unless it is shown to pertain to his official duty or to be within the scope of his employment, cannot be regarded as the act of the corporation, and is not binding upon it. The authority requisite to charge the company must therefore be derived from the board of directors." 8 *Vroom* 98–102.

The other case is *Leggett* v. *New Jersey Banking Co., Saxt.* 541. In that case the charter of a bank provided that the affairs, property and concerns of the corporation should be managed by its directors;-and the Court of Chancery held that, although a mortgage executed under the authority of the board of directors would be valid, a mortgage executed by the president and cashier under the corporate seal, without the authority or concurrence of the board of directors, was not a valid instrument.

The reasoning on which the cases cited were decided applies to the case now before the court. The plaintiff, by his judgment and the execution thereon, has acquired a lien on all the property of the corporation ; and I cannot find in principle any distinction between a mortgage or conveyance of the lands of a corporation and a judgment upon bond and warrant of attorney upon which the property, real and personal, of the corporation is taken. Such a transaction is not within the ordinary business of a corporation, which the president, as its

executive officer, is, in virtue of his office, authorized to transact.

There are cases in which the powers of an officer of a corporation, and his authority to act for the company, are enlarged beyond those powers which are inherent in his office. But those are cases in which the agency of the officer has arisen from the assent of the directors, presumed from their consent and acquiescence in permitting the officer to assume the direction and control of the business of the company. *Taylor on Corp.* 202, 236–244; *Ang. & A. on Corp.*, § 299–302. Thus, when, in the usual course of the business of a corporation, an officer has been allowed in his official capacity to manage its affairs, his authority to represent the corporation may be implied from the manner in which he has been permitted by the directors to transact its business. *Martin v. Webb*, 110 *U. S.* 7. These are simply instances of the application of the principle that usual employment is evidence of the powers of an agent, and a responsibility will be laid upon the principal for the acts of his agent within the apparent authority so conferred upon the agent—a doctrine which has come to be applied to corporations in many respects as well as to individuals, and with the same qualifications and limitations. In such cases, as is said by Mr. Taylor, the authority of the officer does not depend so much on his title, or on the theoretical nature of his office, as on the duties he is in the habit of performing. *Taylor on Corp.*, § 202. But the depositions laid before the court do not bring the case in hand within the range of the authorities above referred to. The only proof on that subject is that Cook was the owner of all the capital stock of the company except two shares; that he was president and treasurer and the active manager of the company, using the money of the corporation as he saw fit, and borrowing money for the company so far as its banking business was concerned; that at one time he effected a loan upon mortgage, but that the mortgage was made by the authority of the directors, and that he never undertook to execute, in the corporate name, papers of the character of the

security in question without the assent of the directors, except in this instance. Cook was the general agent of the company. As such he had power to direct and control its business—to make contracts which should bind the company in the ordinary course of its business, and to borrow money for that purpose on its credit. A general agent of a corporation, who, in virtue of the authority given him, has the power to contract debts and even to borrow money on the credit of the corporation, has no power, in virtue of such an agency merely, to make a mortgage on its property, real or personal. *Stow* v. *Wyse,* 7 *Conn.* 214; *C. & N. R. R. Co.* v. *James,* 14 *Wis.* 325. Incident to the power of Cook to borrow money for the company's use was the power to secure the debt in the usual way; but the power to contract the debt did not carry with it the power to encumber the company's property by a mortgage or a judgment confessed as a security for its repayment.

Nor can this judgment acquire validity from the fact that the money advanced by the plaintiff was applied for the benefit of the company. From that fact a debt would arise, and an obligation on the part of the corporation to pay the debt in common with its other debts would result; but the plaintiff cannot hold his security which gives him a lien upon the company's property, unless his security is a valid security as an encumbrance thereon, especially when the rights of other creditors are involved. *Hackensack Water Co.* v. *De Kay,* 9 *Stew. Eq.* 548. The receiver, as the representative of creditors, has the capacity to take the objection that the security was not made in such a manner as to be binding upon the corporation. *Vail* v. *Hamilton,* 85 *N. Y.* 453.

The Circuit Court should be advised to vacate the judgment.