EDWARD HARRIS, PROSECUTOR, v. CONGRESS HALL HOTEL COMPANY.

Submitted February 18, 1908—Decided June 8, 1908.

The law does not ordinarily imply, in the secretary of a business corporation, the power, *ex officio*, to bind the company by his act, though, of course, the corporation may become subsequently bound by ratification. He cannot, in the absence of special authorization, accept a surrender of a lease given by the corporation to its tenant and bind the corporation to pay the wages of the employes of the lessee. He may, of course, have larger powers by special appointment from the directors, and evidence of such powers may be found in the circumstances of the particular case.

---

On *certiorari.*

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the prosecutor, *Matthew Jefferson* and *John W. Wescott.*

For the defendant, *Carrow & Kraft.*

The opinion of the court was delivered by

TRENCHARD, J. This writ of *certiorari* brings up for review a judgment in favor of the defendant entered upon the verdict of a jury ordered by the judge of the Cape May Com-

mon Pleas Court on the trial of an appeal from a small cause court.

At the time the verdict against the plaintiff was directed, the testimony would have justified the jury in finding the facts as follows: That the plaintiff took employment in the summer of 1897 as a servant in the Congress Hall Hotel at Cape May, being employed by one Edward H. Cake, who was conducting the hotel under a written lease from the Congress Hall Hotel Company that confessedly imposed no liability upon that company, the defendant, for payment of the plaintiff's wages; that, by its terms, the lease expired March 1st, 1899; that about the middle of August, 1897, Cake became financially embarrassed, and a Mr. Moore, the secretary of the defendant company, and who transacted the season's business with Cake for the company, came to the hotel and agreed with Cake that the company would pay the servants in the hotel, of whom the plaintiff was one, all that was due them at that time, and all that might become due in the future if they would continue work; that in consideration of this agreement, and at the same time, Moore accepted from Cake a surrender of the lease and authorized Cake to run the hotel for the company for the remaining two or three weeks and until it was closed for the season; that as a part of the arrangement between Cake and Moore, the latter instructed Cake to give to each of the servants an order showing the amount that was due to them, saying that they could present these for payment at the Girard House in Philadelphia; that up to August 30th, 1897, when the hotel closed, there was due to the plaintiff, for wages, the sum of $125, but what part of it was for services rendered before the making of the agreement, and what part for services rendered thereafter, does not appear.

The question requiring consideration is whether there was any evidence from which the jury might have legitimately inferred that Moore, the secretary of the defendant company, was authorized to accept a surrender of its lease and make a new contract, or whether his act was otherwise binding upon the company.

The law does not ordinarily imply, in the secretary of a

business corporation, the power, *ex officio,* to bind the company by his act, though, of course, the corporation may become subsequently bound by ratification. He cannot, in the absence of special authorization, accept a surrender of a lease given by the corporation to its tenant and bind the corporation to pay the wages of the employes of the lessee. He may, of course, have larger powers by special appointment from the directors, and evidence of such powers may be found in the circumstances of the particular cases. *Thomp. Corp.,* § 4697.

In the present case, there is no evidence of special authority of the secretary to accept a surrender of the lease and to contract for the company to pay the wages of the plaintiff. It appeared from the testimony that neither the secretary nor the company was apprised in advance of the visit of the secretary to Cape May that any such proposition was to be made.

Nor is there anything in the circumstances of the case from which larger than the ordinary powers of the secretary might have been inferred. The fact that the secretary had transacted the season's business with Cake on behalf of the company did not justify an inference of power to accept surrender of the lease and to make a new contract. So far as the case shows, his dealings had not extended beyond the transaction of such routine business as arose under the lease and could not justify the inference of special authorization of power to bind the corporation by the acts in question.

Nor was there, in the present case, any circumstances disclosed by testimony from which ratification might have been inferred. The evidence is that the alleged contract was repudiated by the directors of the company as soon as it was brought to their attention, and there is no evidence that the defendant received any benefits of the contract.

Under these circumstances, a judgment for the defendant was properly directed. Accordingly, the judgment of the Common Pleas Court is affirmed, with costs.