OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

### JUNE TERM, 1911.

---

Joshua S. Cope, complainant-respondent,

*v.*

C. B. Walton Company et al., defendants.

[Argued March 16th, 1911.  Decided June 28th, 1911.]

An assignment by a corporation, insolvent to the knowledge of the assignee, of money to become due under a contract for work by the corporation, even if considered a sale for value, is ineffective against the lien of one subsequently furnishing the corporation material for the work; the only exception to the provision of the Corporation act (*P. L. 1896 p. 298 § 64*), that every sale, conveyance, assignment, or transfer by a corporation when insolvent shall be void as against creditors, being that a *bona fide* purchase for a valuable consideration, before the corporation shall have suspended its ordinary business, "by any person without notice of such insolvency," shall not be invalidated.

---

On appeal from a decree of the court of chancery advised by

Vice-Chancellor Walker, whose opinion is reported in 77 N. J. Eq. (7 Buch.) 512.

Mr. Frank S. Katzenbach, Jr., for the appellant.

Messrs. James & Malcolm G. Buchanan, for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case was filed to enforce the payment of a municipal lien claim under the act of March 30th, 1892. Both Cope, the complainant below, and one Thomas R. Allen claimed the fund. The proofs showed that the defendant C. B. Walton Company, a corporation of this state, had a contract with the freeholders of Mercer county for the construction of a stone road at a cost of $14,360.64. The complainant furnished crushed stone to the Walton company for the work, and it is for the moneys due for that material that the lien is filed against the freeholders of the county. At the time when the contract was entered into between the Walton company and the county Charles B. Walton, the treasurer and general manager of the company, applied to Allen for financial assistance to enable the company to carry on the work of building the road. Allen thereupon went with Walton to the First National Bank of Trenton, and the following arrangement was then entered into between the parties: the Walton company agreed to give Allen an assignment of the moneys to grow due under the road contract; Allen agreed that he would endorse the notes of the company, and the First National Bank agreed that it would discount the notes so endorsed. In pursuance of this arrangement the Walton company executed the following order:

"Trenton, New Jersey, January 13, 1908. Mr. E. P. Mount, County Collector, Mercer county, N. J. Dear Sir: Please pay Thomas R. Allen all moneys due on contracts for roads as the monthly payments at different times as they come due until the completion of all work contracted for the year 1908, by doing so you will oblige. Yours very truly, The C. B. Walton Co., Charles B. Walton, Treasurer."

The contention on the part of Allen is that by virtue of this assignment, or order, his right to the moneys earned by the Walton company on the contract with the county is superior to that of any mechanic or materialman furnishing work or materials upon the road.

Upon the hearing before the vice-chancellor the complainant offered evidence to show that at the time of the making of this assignment by the Walton company to Allen the company was insolvent to the knowledge of Allen. The vice-chancellor found this fact to be established by the proofs. This finding, in our judgment, is amply supported by the evidence submitted.

Conceding that the order upon the county collector, signed by the treasurer of the Walton company, in its name, bound the company, and also the board of freeholders of the county, and was therefore valid as between Allen, the company, and the board, the question remains whether, in view of the fact that, at the time the order was made the company was insolvent, and its condition known to Allen, his right to the fund in controversy is superior to that of the complainant under his lien. The answer seems to us not to be in doubt. The sixty-fourth section of our Corporation act (*P. L. 1896 p. 298*) provides that

"whenever any corporation shall become insolvent, or shall suspend its ordinary business for want of funds to carry on the same, neither the directors, nor any officer or agent of the corporation shall sell, convey, *assign* or transfer any of its estate, effects, choses in action, goods, chattels, rights or credits, lands or tenements; * * * and every such sale, conveyance, *assignment* or transfer shall be utterly null and void as against creditors; *provided*, that a *bona fide* purchase for a valuable consideration, before the corporation shall have actually suspended its ordinary business, by any person without notice of such insolvency, * * * shall not be invalidated or impeached."

Considering Allen as a purchaser, for value, of the chose in action assigned to him by the order drawn upon the county collector, his knowledge of the company's insolvency, at the time he took the assignment, excludes him by the very words of the proviso from the protection afforded by it. The decree appealed from, which subordinates Allen's right under his assignment to that of the complainant under his lien claim, must be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, CONGDON, SULLIVAN—11.

*For reversal*—None.