## DI TULLIO DANIELE

*v.*

## BURLINGTON REAL ESTATE AND MANUFACTURING COMPANY.

[Submitted November 16th, 1914. Determined November 17th, 1914.]

1. That a corporate agent, in carrying out specific instructions of the corporation as to the sale of real property, appeared to be clothed with a more general authority than he had or exercised, will not make a subsequent contract entered into by such agent in excess of his actual authority enforceable against the corporation on the theory that it had held him out as having extensive powers.

2. The treasurer of a corporation cannot, by virtue of his office, bind the corporation by a contract for the sale of land, even though the corporation was engaged in the real estate business.

3. Where the treasurer of a corporation, who entered into a contract for the sale of land, explained to the purchaser that it would have to be ratified by the board of directors, but the purchaser did not understand him, that fact, where the treasurer honestly thought he understood, does not entitle the purchaser to enforce the contract.

On final hearing on bill for specific performance.

*Messrs. Davis & Davis,* for the complainant.

*Mr. Ernest Watts,* for the defendant.

LEAMING, V. C.

I am entirely convinced that the agency of Mr. Mott to bind the corporation of which he was treasurer by a contract for the sale of the lots in question has not been established by the evidence. The evidence offered in behalf of defendant fully establishes that no such authority had in fact been conferred by the board of directors. The ground of recovery, if any, must, therefore, be upon the theory that the course of dealings of the corporation was such that the corporation will not be permitted to deny that Mr. Mott was authorized to make such contract of sale for the corporation. A resolution of the corporation had fixed a price on certain improved lots and authorized its officers to sell those lots at the prices so fixed, and Mr. Mott had made such sales. But the mere circumstance that in properly carrying out such specific authority the agent may have appeared to the public to have been clothed with a more general authority cannot be made the basis of relief where it affirmatively appears that no general authority was in fact conferred and that the agent at all times acted within and pursuant to his restricted authority. A contrary view would render it impossible for a corporation in any circumstances to authorize with safety an agent to sell a specific lot at a specified price. The relevancy of the course of dealings of the corporation is to establish an inference of knowledge and acquiescence upon the part of the corporation from which it may be ascertained that an agency in fact existed, rather than for the creation of an estoppel against the corporation in favor of a third party. *Murphy v. Cane, Inc., 82 N. J. Law 557, 563.* Mr. Mott was treasurer of the corporation. His contract of sale which is made the basis of this suit was executed in his own name as treasurer. A treasurer of a corporation cannot, *virtute officii,* bind his corporation by such a contract, and the evidence discloses no conduct upon the part of the corporation,

either express or permissive, adequate to confer upon its treasurer the power to execute the contract here in question as a contract of the corporation.

Nor can it be properly overlooked that Mr. Mott has testified that he informed complainant that the contract was made subject to ratification by the board of directors of the corporation. It may well be that complainant did not fully comprehend the force of such a statement; but it is impossible to doubt the truth of Mr. Mott's testimony, to the effect that the statement was made by him and that he believed it was understood by complainant. If such statement was in fact made by Mr. Mott to complainant in good faith and with the belief that complainant understood its force, complainant's ignorance of its force cannot now add to his rights under his contract.

I will advise a decree dismissing the bill.