ISADORE POSNER, RESPONDENT, v. SIMON SHAPIRO, APPELLANT.

Submitted October 30, 1925—Decided February 1, 1926.

1. A contract by a married man, with a real estate broker, to sell lands of his wife, in which he has an estate by the curtesy, is not controlled by an act entitled "An act to amend an act entitled 'An act for the prevention of frauds and perjuries' [Revision], approved March 27th, 1874, which said amendment was approved May 1st, 1911," approved March 5th, 1918. *Pamph. L.* 1918, *p.* 1020.

2. Unless there is a request to charge upon a particular point, error is not assignable, because the trial judge may have omitted to

charge upon such point. The omission to state any legal principle, which may be pertinent or applicable to the case, affords, in itself, no ground for reversal upon appeal.

On appeal from the Supreme Court.

For the appellant, *Morris E. Barison.*

For the respondent, *Samuel Nemser* and *William L. Rae.*

The opinion of the court was delivered by

CAMPBELL, J. The respondent, a real estate broker, entered into a verbal agreement with the appellant to undertake the sale of premises known as No. 68 Jackson avenue, Jersey City, New Jersey, at a commission of three and one-half per cent. on a selling price of $21,000, fixed by the appellant. Respondent procured a purchaser for the asking price of $21,000, and appellant then advised him that the contract must be drawn in the name of his wife, Reba Shapiro, as owner. Reba Shapiro refused to sign the contract because she was unwilling to pay respondent a commission of three and one-half per cent. She declined to pay more than $300, and finally appellant advised respondent that they had decided not to sell. About two weeks subsequent thereto appellant and his wife sold the premises for $21,000 to a party not procured by respondent.

Respondent then brought an action in the Supreme Court to recover his commissions of $735 at three and one-half per cent. on $21,000. The cause was tried at the Hudson Circuit, resulting in a verdict in favor of respondent for the full amount, and from the judgment entered thereon this appeal is taken.

There are three grounds assigned and argued why the judgment should be reversed. The first and second may be considered together, and they are:

1. That the trial court erred in refusing to nonsuit the plaintiff upon the ground that the contract upon which the suit is based was not in writing.

2. That the trial court erred in refusing to direct a verdict in favor of the defendant upon the same ground as urged for the nonsuit.

Under these grounds the argument of appellant is that as he had an estate of inchoate right of curtesy in this property of his wife, he was an owner of said lands as contemplated by the amendment to "An act for the prevention of frauds and perjuries" (*Pamph. L.* 1918, *p.* 1020), and that, therefore, a verbal contract by him for the payment of commissions to a broker who should procure a purchaser of its property was not enforceable against him.

In *Hackensack Trust Co.* v. *Tracy,* 86 *N. J. Eq.* 301, it is held: "A husband, after issue born alive, has a vested estate in remainder in his wife's lands. This we now call an inchoate right of curtesy."

The difficulty with the contention of the appellant is that the contract in question was not made for the purpose of securing a purchaser for or selling his estate by the curtesy in the lands in question, but was made for the purpose of securing a purchaser who would buy the property in question, the title and ownership to which was in his wife.

This court has said in *Sadler* v. *Young,* 78 *N. J. L.* 594, that such a transaction is not controlled by section 10 of the statute of frauds and perjuries, of which *Pamph. L.* 1918, *p.* 1020, *supra,* is an amendment.

It was not error, therefore, to refuse to nonsuit or direct a verdict.

The remaining ground of appeal is—

3. The trial court, in its charge to the jury, failed to charge that the purchaser must have been ready, able and willing to purchase the property.

In view of the fact that the procuring, by respondent, of a purchaser, ready, able and willing to purchase, does not seem to have been disputed at the trial, it is entirely immaterial whether or not such an instruction was given to the jury by the trial judge, and his failure so to do would not, under the circumstances, be error harmful and prejudicial to appellant. But appellant is not in a position to raise the question here.

In *Leiferant* v. *Progressive Agency,* 98 *N. J. L.* 526, we held: "Unless there is a request to charge upon a particular point, error is not assignable because the trial judge may have omitted to charge upon such point. The omission to state any legal principle which may be pertinent or applicable to the case affords, in itself, no ground for reversal upon appeal."

In the cause under review there was no request to charge the principle in question, refusal of the trial judge so to charge, and exception taken to such refusal.

All that appears is: "Exception to the failure of the court to charge that this purchaser must have been ready, willing and able to purchase."

The judgment under review is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MC-GLENNON, KAYS, HETFIELD, JJ.   16.

*For reversal*—None.