HYMAN BESSER, INDIVIDUALLY, AND TRADING AS BESSER & COMPANY, PLAINTIFF-RESPONDENT, v. EISLER ELECTRIC CORPORATION, A CORPORATION OF DELAWARE, DEFENDANT-APPELLANT.

Submitted February 15, 1935—Decided May 17, 1935.

For the appellant, *Stuhr & Vogt*.

For respondent, *Hannoch & Lasser*.

The opinion of the court was delivered by

HETFIELD, J.   This is an appeal from a judgment of the Supreme Court entered summarily upon an order striking out the defendant's answer to the first count of the complaint. The plaintiff, who was an accountant, brought suit to recover for services rendered to defendant, pursuant to the terms of a certain contract.   The first count of the complaint alleges, in substance, that on October 24th, 1932, the defendant retained the plaintiff to audit its books and to make monthly reports thereon, for which service he was to receive the sum of $300 each month.   The agreement consisted of a letter upon the defendant's stationery, addressed to the plaintiff, and signed by Chas. Eisler, president, and reads:

"We hereby retain you to continue to audit our books, as before, and to make monthly reports thereon, for which we

agree to pay you $300 per month. Any work which you may do for us in addition to the regular audits will be paid for at the usual *per diem* rates. This agreement, in consideration of the special rate, to continue in effect until December 31st, 1936."

It is further alleged that plaintiff performed all the duties required by the agreement, and that he was not permitted to audit defendant's books for the months of July and August, 1934.

The first defense in the defendant's answer denies all allegations of the complaint, excepting its refusal to allow the plaintiff to make the August audit, which is admitted. The other defenses are: (2) the contract of October 24th, 1932, was *ultra vires;* (3) that the plaintiff had been paid for all services performed; (4) that plaintiff had failed and neglected to perform his services according to the agreement; (5) that the contract of October 24th, 1932, is void because it was not to be performed within one year, and should have been reduced to writing as required by the statute.

The proof submitted on the motion to strike, which was based on the ground that the answer was sham and frivolous, consisted of the plaintiff's affidavit, which supported the complaint and also stated that in March, 1934, at the request of C. A. Laise, who succeeded Charles Eisler as president of the defendant company, he consented to accept $250 per month instead of $300, as stipulated in the agreement, and for the months of March, April, May and June, his monthly payments were reduced to said amount, and also the affidavit of Charles Eisler, which in effect, stated that he was president of the defendant company from May, 1929, when it commenced business, to January, 1934, and that during said period *he was in general charge of the operation of the company's affairs;* that he found it necessary and desirable to have monthly audits made by competent accountants, and that immediately after the company was organized, he engaged the plaintiff for that purpose, making such agreements with him as were necessary with respect to his work and compensation; that in October, 1932, he engaged the plaintiff to

continue to audit the company's books, the terms of which were expressed in his letter of October 24th, 1932. The only affidavits used in opposition to the motion was that of C. A. Laise, now president of the company, which states that he had no knowledge of the agreement of October 24th, 1932, but admits the receipt of plaintiff's letter consenting to the reduction of the monthly payments, which he requested, and wherein a contract was referred to, and further states that he believed that the reference was to other monthly contracts which had existed between the plaintiff and the company since April, 1930, but he does not state who made such contracts on behalf of the company. Said affidavit further states that the agreement of October 24th, 1932, was never authorized or ratified by the corporation, and that it was not within the scope of the then president's official duties to enter into such an agreement, and further, that plaintiff's audits and reports did not reflect a true state of affairs, and therefore he did not perform the services for which he was engaged.

We think that the statements contained in the affidavit of C. A. Laise, with respect to the authorization and ratification of the agreement, as well as the performance of same by the plaintiff, are but mere conclusions. He does not deny the statement made by his predecessor, to the effect that he was in general charge of the operation of the company's affairs, nor does he state what officer of the company made the admitted contracts with the plaintiff. If the former president had the authority he alleges, which is not disputed, we think he had the power to engage the plaintiff to make the audits. It is well settled that when in the usual course of the business of a corporation, an officer has been allowed to manage its affairs, his authority to represent the corporation may be implied from the manner in which he has been permitted by the directors to transact its business. *Fifth Ward Savings Bank* v. *First National Bank,* 48 *N. J. L.* 513. It is undisputed that the plaintiff was under a contract with the defendant company since April, 1930, and it is not denied that the contracts entered into prior to the one now involved, were made on behalf of the company by the former president, as he alleges.

The fourth defense and the allegation contained in the affidavit of C. A. Laise, to the effect that the services of the plaintiff were not performed according to the agreement, might entitle the company to defend were it not for the fact that these charges were inconsistent with a letter signed by Laise and forwarded to the plaintiff on July 30th, 1934, wherein he states that the company will be forced to employ new accountants to audit the books in order to reduce expenses, and reads in part: "We have spoken to you on several occasions about your excessive accounting charges. * * * Apparently you consider your services of such a high order that you could not see your way clear to adjust your rate in line with new world conditions. We were therefore forced to get quotations on our accounting work from other C. P. A.'s, and all parties quoting gave us a price less than 50% of what you were charging. * * * In line with our new policy of adjusting ourselves to live within our income and in justice to our stockholders, we are therefore forced to employ new accountants. * * * We will arrange to pay you for the July audit, *and if in the future we need accounting of a high order, we will call upon you,* but for the time being we will have to resort to more reasonable accountants to do our regular work." It is apparent that the plaintiff's work up to July 30th, 1934, was entirely satisfactory, and that Laise, who in his affidavit questioned the quality of plaintiff's work, contemplated again engaging the plaintiff if the necessity required it. The fact that the plaintiff called at the office of the defendant on April 4th, 1934, and conferred with one J. Kurtz, vice-president of the company, in reference to the contract involved, which was found to be in the company's files at that time, as alleged in the second affidavit of the plaintiff, is not disputed by any proof offered by the defendant, although Laise denies that he had any knowledge of such contract.

We conclude that the affidavits and proof submitted by the defendant did not show such facts as would entitle it to defend. The finding of a judge, upon a motion to strike, that defendant failed to show such facts as he deemed sufficient

to entitle him to defend, must be assumed to be true until the contrary appears; and we are unable to find that it does in the present case. *Wittemann* v. *Giele*, 99 *N. J. L.* 478.

The judgment appealed from will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, BODINE, DONGES, KAYS, HETFIELD, DEAR, WELLS, JJ. 9.

*For reversal*—PARKER, CASE, HEHER, PERSKIE, VAN BUSKIRK, JJ. 5.