JOSEPH SOTAK, PLAINTIFF-APPELLANT, v. THE PENN-
SYLVANIA RAILROAD COMPANY, A CORPORATION OF
THE STATE OF PENNSYLVANIA, DEFENDANT-RE-
SPONDENT.

FRANK JELINEK, PLAINTIFF-RESPONDENT, v. JOSEPH
SOTAK AND THE PENNSYLVANIA RAILROAD COM-
PANY, A CORPORATION OF THE STATE OF PENNSYL-
VANIA, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued April 2, 1951—Decided April 17, 1951.

Before Judges McGeehan, Jayne and Wm. J. Brennan, Jr.

*Mr. Philip M. Brenner* argued the cause for defendant-appellant Joseph Sotak (*Mr. John T. Keefe,* attorney for plaintiff-appellant Joseph Sotak).

*Mr. Stephen V. R. Strong* argued the cause for defendant-appellant and respondent, The Pennsylvania Railroad Company (*Messrs. Strong & Strong,* attorneys).

*Mr. John J. Rafferty* argued the cause for plaintiff-respondent (*Messrs. Rafferty & Blacher,* attorneys; *Mr. Philip Blacher,* on the brief).

The opinion of the court was delivered by

Jayne, J. ° A. D. It was about 6:30 P. M. on December 16, 1948, amid the fall of a drizzling rain intermixed with sleet that Joseph Sotak was driving his delivery truck southwesterly on Jersey Avenue in a suburb of the City of New Brunswick. He was accompanied by Frank Jelinek. They were approaching the locality where a single spur line of railroad tracks, known as the Millstone Branch, of the Pennsylvania Railroad crosses the highway from the east in a slightly southwesterly direction.

Contemporaneously a diesel locomotive operated backward was slowly drawing eight freight cars from the east. The uncontroverted fact is that on the westerly side of the highway a collision occurred between the delivery truck and the diesel engine.

The present litigation ensued consisting of the action of Sotak against the railroad company and the action of Jelinek against both Sotak and the railroad company. The actions

were consolidated for trial, and pursuant to the determinations of the jury a judgment of no cause for action in favor of the defendant was entered in the action prosecuted by Sotak and a judgment was recorded in favor of Jelinek against both defendants in his action with an award to him of $15,000 damages.

The three appeals now before us constitute the outgrowth of the trial. The railroad impugns the judgment rendered against it in favor of Jelinek; Sotak feels aggrieved by the judgment imposed upon him in favor of Jelinek and is further distressed by the judgment of no cause for action which eventuated in his own case against the railroad. The transcript of the evidence has accordingly been studied in its relationship to each appeal.

In its essential characteristics the present case was one where upon motions for dismissal the trial judge was obliged to accept as true all evidence which supported the view of the party against whom the motion was made and required to accord him the benefit of all inferences which might logically and legitimately be drawn therefrom, and to recognize that the existence of negligence and contributory negligence are preeminently questions of fact for the jury. *Gentile v. Pub. Service Coordinated Transport*, 12 *N. J. Super.* 45 (*App. Div.* 1951).

We are importuned by counsel for the appellant railroad to place this mishap in the category of those in which it has been held that the mere fact that a freight car or locomotive was momentarily standing in actual possession of a highway crossing is not of itself *prima facie* proof of negligence. *Jacobson v. N. Y., S. & W. R. R. Co.*, 87 *N. J. Law* 378 (*Sup. Ct.* 1915) ; *Nadasky v. Public Service Railroad Co.*, 97 *N. J. Law* 400 (*Sup. Ct.* 1922) ; *Morris v. Atlantic City Railroad Co.*, 100 *N. J. Law* 328 (*E. & A.* 1924).

The conspicuous factual element in those cases is that the railroad train was not in motion and was in possession of the crossing at the time the highway traveller collided with the

train and not the converse situation more commonly pre-
sented. *Vide, Pilkington v. Central R. R. Co. of N. J.*, 125
*N. J. Law* 22 (*E. & A.* 1940).

■■ In the present case both the locomotive and the auto-
mobile were approaching an unobstructed crossing in pursu-
ance of a common right of passage but in circumstances in
which the operator of the train was obliged to give the statu-
tory crossing signals. *R. S.* 48:12–57. The failure to give
the statutory warning when and where required has long
been regarded as evidence of negligence. *Walling v. Central
R. R. of N. J.*, 82 *N. J. Law* 506 (*E. & A.* 1911). *Wilson v.
Central R. R. Co.*, 88 *N. J. Law* 342 (*E. & A.* 1915). Here
also the locomotive was proceeding toward and entering the
crossing at a speed of one or two miles per hour, a circum-
stance relevant to the care exercised by the engineer and train
crew to avoid the collision. *Cf. Taylor v. Lehigh Valley R. R.
Co.*, 87 *N. J. Law* 673 (*E. & A.* 1915).

■ Moreover, in the use of the crossing at which this col-
lision occurred the railroad appears voluntarily to have dele-
gated to a member of the train crew the duty to serve as a
temporary crossing flagman to give proper notice and warning
to travellers on the highway of the entrance thereon of the
train. In such circumstances the signalman so acting was
under the common law duty to exercise reasonable care and
prudence in the performance of that service and a failure to
do so might constitute negligence for which the railroad com-
pany would be liable. *Delaware, Lackawanna & Western R. R.
Co. v. Toffey*, 38 *N. J. Law* 525 (*E. & A.* 1875); *Passarello
v. W. J. & S. R. R. Co.*, 98 *N. J. Law* 790 (*E. & A.* 1923).

■ Keeping in view the aspects of negligence to which we
have referred, our consideration of the evidence guides us
to the conclusion that the alleged causes of action were justi-
fiably submitted to the jury for determination.

■ Our attention is invited to the consideration of the
legal status of the plaintiff Jelinek in his relationship to the
driver, Sotak, and to the former's conduct in the circum-
stances. Obviously the concordant testimony of both Jelinek

and Sotak, however evaluated, would at least require, as was done, the submission to the jury of the question of whether Jelinek was a licensee or an invitee. *Augustine v. Haas,* 121 *N. J. Law* 58 (*E. & A.* 1938); *Rottinger v. Friedhof,* 136 *N. J. Law* 422 (*Sup. Ct.* 1948), affirmed 1 *N. J.* 206 (1948).

The jury evidently resolved that the mishap was proximately attributable to the cooperating and concurrent negligence of both Sotak and the servants of the railroad company. *Jacobson v. Bentley Morrison Corp.,* 103 *N. J. L.* 16 (*Sup. Ct.* 1926); *Benning v. Herbert,* 107 *N. J. Law* 97 (*E. & A.* 1930). It is not proposed by the appellants that the negligence of Sotak was imputable to Jelinek, but it is asserted that the behavior of Jelinek was also negligent and of a contributing causative effect. *Cf. Mittelsdorfer v. West Jersey, &c., R. R. Co.,* 77 *N. J. Law* 698 (*E. & A.* 1909).

The common law concept of negligence and its affinity to the facts and concomitant conditions and circumstances of each particular occurrence is tersely and admirably stated in the opinion rendered in *Niles v. Phillips Express Co.,* 118 *N. J. Law* 455, 458 (*E. & A.* 1937).

It is elementary that in the ordinary case to justify the court in granting a motion for judgment for the defendant on the ground of the contributory negligence of the plaintiff, such negligence "must clearly appear conclusively as a fact or by necessary exclusive inference from the plaintiff's proof." *Danskin v. Pennsylvania R. R. Co.,* 79 *N. J. Law* 526 (*E. & A.* 1910); *Ackerly v. Pennsylvania R. R. Co.,* 130 *N. J. L.* 292 (*E. & A.* 1943); *Willins v. Ludwig,* 136 *N. J. Law* 208 (*E. & A.* 1947); *Spence v. Maier,* 137 *N. J. Law* 284 (*Sup. Ct.* 1948), affirmed 1 *N. J.* 36 (1948); *Bacak v. Hogya,* 4 *N. J.* 417 (1950); *Gentile v. Pub. Service Coordinated Transport, supra.* In the present case we note that the crossing was not equipped with safety gates, bell, or other warning or protective device except the standard crossing sign on each side of the tracks. *R. S.* 48:12–58; *R. S.* 39:4–159; *R. S.* 48:12–83; *Ackerley v. Pennsylvania R. R. Co., supra.*

It is not realistic to state that the duties of a driver and of a passenger of a motor vehicle are precisely alike. It would be equally fallacious to suppose that in ordinary circumstances a passenger is free from all duty. The differentiation of duty inheres in the dissimilarity of their respective undertakings and in the divergent standards of conduct ordinarily exhibited by the reasonably prudent and cautious person in those respective capacities.

It is the general rule that a passenger is under the duty to exercise such a degree of care for his own safety as the exigencies of the situation reasonably require. *Tobish v. Cohen,* 110 *N. J. Law* 296 (*E. & A.* 1933); *Wassmer v. Public Service Electric & Gas Co.,* 122 *N. J. Law* 367 (*E. & A.* 1939); *Falicki v. Camden County Beverage Co.,* 131 *N. J. Law* 590 (*E. & A.* 1944); *Kaufman v. Pennsylvania Railroad Co.,* 2 *N. J.* 318 (1949).

But the experience of the ages reveals that the reasonably prudent passenger does not ordinarily exercise the vigilant circumspection of the conditions on the highway necessarily required of a driver. The reasonable care exacted of a passenger is in its degree made to fit the size of his known and appreciated danger. His duty cannot be otherwise abstractly defined than that he shall act as a reasonably prudent person would act under the same or similar circumstances. Such was the instruction to the jury.

Indeed, it is difficult to conceive of any field planted with a greater variety of posterior ideas and inferences more appropriately to be submitted to a jury composed of fair-minded men and women than that in which the prudence of a passenger in a period of known or unanticipated emergency is to be admeasured. *Cf. Webb v. W. Jersey and Seashore R. R. Co.,* 100 *N. J. Law* 204 (*Sup. Ct.* 1924).

It would be an ambitious but adventurous undertaking for trial judges to attempt to point out to the jury specifically the many things which a passenger might in a moment of apprehended peril possibly do, such as turn off the switch, grasp the steering wheel, jump out of the vehicle, or warn

the driver to hurry or slow down, and then inform them that the passenger's choice may be mistaken and nevertheless not careless or imprudent. *Nelson v. Nygren,* 259 *N. Y.* 71, 181 *N. E.* 52 (*Ct. App.* 1932). It is sufficient if the jury is adequately informed of the character of the passenger's duty, and where its observance is in substantial controversy, the jury is entrusted with its application to the circumstances of the case. Such was the course pursued by the trial judge in the instant action. We are unable to discern in the evidence any delinquency of the plaintiff Jelinek which rationally could have been regarded in his situation as contributory negligence.

The jury evidently resolved that Sotak, charged with the control of the operation of the vehicle, failed to exercise the requisite degree of care in the circumstances. There is readily discoverable in the proofs a substantial basis for that determination.

It is to be realized that the fundamental object of this appeal is not to retry the case with the substitution of our judgment for that of the jury, but primarily to correct injurious and prejudicial errors properly noted and objected to at the trial and to examine the propriety of the verdicts in the light of the supporting evidence.

Consideration has been accorded all grounds of appeal. With respect to those not heretofore discussed, it is sufficient to state that we perceive no error in the admission or exclusion of evidence or any other challenged ruling which injuriously affected the substantial rights of the appellants. *Rule* 3 :61. Additionally, no party may urge as error any portion of the court's charge or omission therefrom unless proper objection is interposed thereto before the jury retires to consider its verdict. *Rule* 3 :61; *J. B. Wolfe, Inc. v. Salkind,* 3 *N. J.* 312, 317 (1949); *Peter W. Kero, Inc. v. Terminal Construction Corp.,* 6 *N. J.* 361, 373 (1951); *Wohlfarth v. Spencer Kellogg & Sons, Inc.,* 8 *N. J. Super.* 61, 63 (*App. Div.* 1950). This prerequisite was not observed in the present case.

The judgments are affirmed.