14 N.J. Super. 558 (1951)
82 A.2d 644
NEWTON G. GABRIEL, PLAINTIFF-RESPONDENT,
v.
AUF DER HEIDE-ARAGONA, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 28, 1951.
Decided June 25, 1951.
*561 Before Judges McGEEHAN, JAYNE, and Wm. J. BRENNAN, JR.
Mr. Victor S. Kilkenny argued the cause for appellant (Messrs. Otis & Kilkenny, attorneys).
Mr. Edward A. Levy argued the cause for respondent (Messrs. Corbin & Corbin, attorneys; Mr. Ralph A. Corbin, of counsel).
The opinion of the court was delivered by JAYNE, J.A.D.
On July 30, 1945, Stanley M. Aragona, the treasurer of Auf der Heide-Aragona, Inc., the defendant-appellant, signed and delivered to Newton G. Gabriel, the plaintiff-respondent, the memorandum of which the following is a copy:
 "Telephone Union 3-0488-0489
 5510-12 Jackson St.,
 West New York, N.J.
 AUF DER HEIDE-ARAGONA, INC.
 BUILDERS
 July 30, 1945
 Mr. Newton G. Gabriel,
 6701 Blvd East,
 West New York, N.J.
Dear Sir:
In consideration of your undertaking to lease the ground floor and balcony of the property located at 5510-12 Jackson Street, West New York, N.J., for a yearly rental of $2,000.00 per year, or any amount acceptable to us, with a deposit of six months rent payable at the signing of lease, the undersigned agrees to pay Newton G. Gabriel the sum of $800.00 as commission.
It is understood that property will not be available for occupancy until four weeks after signing of lease.
*562 Your authority and rights hereunder shall be sole and exclusive for the period of ten days from the date hereof.
 Signed:
 AUF DER HEIDE-ARAGONA, INC.,
 Stanley M. Aragona,
 Treas.
 Accepted by:
 Newton G. Gabriel
 NEWTON G. GABRIEL."
On the afternoon of that day the plaintiff procured a prospective tenant ready, able and willing to lease the designated premises on certain terms which were satisfactory to Mr. Aragona. The defendant declined to demise the premises. The plaintiff successfully prosecuted the present action in which he obtained a judgment against the defendant for the stated commission with interest. This appeal ensued.
The predominant issue originated by the pleadings and confirmed at the pretrial conference related to the authority of the treasurer to obligate the defendant corporation in a transaction of the nature contemplated by the memorandum.
It was not evident that the treasurer acted in pursuance of any express authority conferred upon him by any action of the board of directors, nor was it manifest that the measure taken by the treasurer had received corporate ratification.
Accordingly the paramount question was whether the defendant had clothed the treasurer with implied or apparent authority in the circumstances in which it had conducted its general course of business.
Counsel for the appellant have casually and incidentally invited our attention to the failure of the learned trial judge definitely and specifically to submit that pivotal factual question to the jury. The asserted omission is manifestly true.
Moreover we note that at the conclusion of the charge to the jury and in response to the inquiry of the court concerning objections thereto, counsel for the defendant stated:
"In one part of your Honor's charge, you said that Mr. Gabriel was given a memorandum which authorized him to lease these *563 premises. I object to that part of the charge, on the ground that there was no resolution authorizing the agent to lease these premises, the charter of the corporation did not authorize it, and no evidence was brought forth to show that Mr. Aragona was the duly authorized agent of the corporation.
The Court: All right."
Notwithstanding that allusion by counsel to the issue implicating the treasurer's authority, the able and experienced trial judge refrained from amplifying his instructions and directed the jury to retire.
Irrespective of the inquiry whether the failure of a judge to point out to the jury the material issues and declare the applicable law constitutes a ground for reversible error in the circumstances of a given case, it may be advantageous to recall the comments long ago expressed by an authoritative expositor of the common law and by our appellate courts relative to the appropriate and proper function of a trial judge at a jury trial.
Blackstone observed: "When the evidence is gone through on both sides, the judge, in the presence of the parties, the counsel, and all others, sums up the whole to the jury; omitting all superfluous circumstances, observing wherein the main question and principle issue lies, stating what evidence has been given to support it, with such remarks as he thinks necessary for their direction, and giving them his opinion in matters of law arising upon that evidence." 3 Bl. Com. 375.
In 1817 our Supreme Court stated: "One of the most important duties of the court is to expound the law to the jury, so as to instruct and guide it. And this duty must in no way be evaded, when the case requires it." Broadwell v. Nixon, 4 N.J.L. 362 [Reprint p. 420] (Sup. Ct. 1817).
In 1864 our former Court of Errors and Appeals declared: "It is one of the clearest and most important duties of a court to expound the law to the jury for its guidance and instruction. The faithful performance of this duty is absolutely essential to the value, if not to the very existence of the trial by jury." Talmage v. Davenport, 31 N.J.L. 561 (E. & A. 1864).
*564 More recently in Rowland v. Wunderlick, 113 N.J.L. 223, 226 (Sup. Ct. 1934), it was remarked: "It has, from time immemorial, been the practice of the judge, at the close of a trial, to give the jury his opinion in matters of law arising from the evidence (3 Bl. Com. 375) and this practice becomes a duty that should not be evaded when the case requires it."
Further comment appears in Hoffman v. Trenton Times, 125 N.J.L. 450 (E. & A. 1940): "Generally the office or purpose of instructions by the court is to inform the jury as to the law of the case applicable to the facts in such a manner that the jury may not be misled; in other words, to advise the jury as to what is the law applicable to a certain set of facts, if they find the existence of such facts from the evidence. 3 Blk. [*]375; 3 Chit. Gen. Prac. [*]913; 64 C.J. 511; 14 R.C.L. 725."
"It is the duty of a court, in its relation to the jury, to protect parties from unjust verdicts by making plain to the jury the issues they are to try, and by instructing them in the rules of law by which the evidence is to be examined and applied. Pleasants v. Fant, 22 Wall. (U.S.) 116, 22 L.Ed. 780." 53 Am. Jur. 412, sec. 510.
"A court has power to instruct the jury on all questions of law growing out of the facts of a cause being tried, without a request from either party, and it has been declared to be better practice for the court in all cases to give the jury a knowledge of the definitions and principles of the law applicable." 53 Am. Jur. 412, sec. 510.
"The object of instructions being to serve as a guide to the jury in calling their attention to whatever is proper and necessary to be considered in the case, and just what it is the jury is to decide, it is the prerogative and the duty of the trial court to direct the jury's attention to all the material issues disclosed by the pleadings, and to charge them upon every point pertinent to the issues as raised by the pleadings and the evidence." Reid's, Branson Inst. Juries 6, sec. 4; see, also, Blashfield's Inst. Juries, 331, sec. 143.
*565 The jury should not be left by the court "without `guide or compass.'" Archer v. Pennsylvania R. Co., 166 Pa. Super. 538, 72 A.2d 609 (Super. Ct. 1950).
To illustrate a bad example, we quote from a case the entire charge delivered to the jury: "Ladies and Gentlemen of the jury, it is up to you to decide this case. Be guided by the evidence and nothing else. If you think that the plaintiff is entitled to damages, you should give them to him; if not, your verdict should be for the defendant. I will say nothing more."
We conceive it to be at least the conventional function of the judge even in the absence of requests of counsel intelligibly to present to the jury the material and substantial issues of fact disclosed by the pretrial order, drawn into controversy by the conflicting, divergent and contradictory evidence adduced at the trial and to be submitted to the jury for determination, together with instructions in the law adapted to the consideration of such issues. How otherwise may we be confident that the jury distinctly recognized any such issue and deliberately resolved it?
In the present case the jury, uninformed of the law, might naturally have supposed that a memorandum signed by a treasurer in the corporate name would be binding on the corporation. This apprehension attains increased probability by the observance in the transcript of a remark made by the judge in the presence of the jury during the progress of the trial, to wit: "The law is simple and clear that any officer of a corporation may conduct corporate affairs, and a third party who deals with him assumes that he is acting for the corporation."
We have expressed our conception of the service properly to be rendered by a trial judge detached from the consequences of his failure to perform that service.
We are aware that anent this subject our former Court of Errors and Appeals asserted that "the omission to state any legal principle which may be pertinent or applicable to the case, or the omission to give any charge whatever, when no *566 charge is requested, affords in itself no ground for a new trial, much less for reversal upon a writ of error or appeal." Leiferant v. Progressive Agency, 98 N.J.L. 526 (E. & A. 1923).
Theretofore our former court of last resort had said in Mead v. State, 53 N.J.L. 601 (E. & A. 1891): "It is the duty of the court, when required, to declare the law upon any point fairly involved in the consideration of the cause, and its refusal to do so is error. But when no instructions are requested, the charge to the jury and the selection of the points to which the charge shall be directed rests in the sound discretion of the court, and the omission to state a pertinent legal principle is not error. It is competent for either party to require an expression of the court's opinion upon any point fairly involved in the case, through the instrumentality of a request to charge, and unless such request is made, error will not lie because the judge may have omitted to charge upon such point."
This qualifying rule of appellate procedure is supported by a procession of authorities: Cole v. Taylor, 22 N.J.L. 59 (Sup. Ct. 1849); Camden and Atlantic R.R. Co. v. Williams, 61 N.J.L. 646 (E. & A. 1898); Dunne v. Jersey City Galvanizing Co., 73 N.J.L. 586 (E. & A. 1906); Chess v. Vockroth, 75 N.J.L. 665 (E. & A. 1908); Lange v. N.Y., S. & W.R.R. Co., 89 N.J.L. 604 (E. & A. 1916); Posner v. Shapiro, 102 N.J.L. 408 (E. & A. 1926); Jackson v. Weyl, 104 N.J.L. 306 (E. & A. 1928); Gutowski v. Goldberg, 9 N.J. Misc. R. 317 (Sup. Ct. 1931); Schwartz v. Rothman, 1 N.J. 206 (1948); Anderson v. Modica, 4 N.J. 383 (1950); Roberts Elec., Inc., v. Foundations & Excavations, Inc., 5 N.J. 426 (1950); Sotak v. Pennsylvania Railroad Co., 13 N.J. Super. 130 (App. Div. 1951).
While it is our persuasion that the learned trial judge in conducting the present case should have informed the jury of the legal concept of apparent authority in the law of agency, particularly since it was the controlling question mixed with considerations of law and fact, yet counsel for the *567 appellant failed to present to the trial court either in writing or orally any request to instruct the jury concerning that element of the case and refrained from registering any objection to the omission or disinclination of the judge to do so. The parties are therefore bound by the record. Schwartz v. Rothman, supra.
Point II of the appellant's brief attracts our attention to a ruling of the court which is impugned by the present appeal. It is revealed by the following quotation extracted from the appendix:
"Mr. Otis: I object to the entry of this document (the memorandum of July 30, 1945) in evidence for these reasons: Number one, the defendant in this suit is a corporation, Auf der Heide-Aragona, Inc. and it is elementary, and I think counsel will agree, that before you can offer a document of this kind in evidence, the authority of the person signing the document must be proven. * * *
The Court: I will allow it.
Mr. Otis: May my objection be noted."
Point I is addressed to the denial of the motion for judgment in favor of the defendant at the conclusion of the introduction of the evidence, and Point III proposes that the verdict was contrary to the weight of the evidence. Obviously the consideration of all of the grounds of appeal obliges us to examine the evidence, if any, of the implied or apparent authority of the treasurer to represent the defendant in the transaction.
This undertaking is pursued in the light of the associated principles of law. Normally and basically, the management of corporate affairs is committed by law to the directors assembled in board meeting, and it is generally to be understood that an officer, such as the president or treasurer, has no more authority over the corporate property than any other director. The act of a president or other officer, unless it is shown to pertain to his official duty, or is within the express or implied scope of his employment derived from the board of directors, is not regarded as the act of the corporation. Titus & Scudder v. Cairo and Fulton R.R. Co., 37 N.J.L. 98 (Sup. Ct. 1874); Stokes v. New Jersey Pottery *568 Co., 46 N.J.L. 237 (Sup. Ct. 1884); Thomson v. Central Pass. Railway Co., 80 N.J.L. 328 (E. & A. 1910); Knopf v. Alma Park, Inc., 105 N.J. Eq. 299 (Ch. 1929), affirmed 107 N.J. Eq. 140 (E. & A. 1930); Stammelman v. Interstate Co., 111 N.J.L. 122 (Sup. Ct. 1933), reversed on other grounds, 112 N.J.L. 342 (E. & A. 1934).
In the absence, as here, of evidence that special authority had been conferred by the provisions of the charter, by-laws or action of the stockholders or directors, it cannot be legitimately inferred that the treasurer of the defendant corporation possessed virtute officii any authority in excess of those powers normally appertaining to such an officer. Harris v. Congress Hall Hotel Co., 76 N.J.L. 367 (Sup. Ct. 1908), affirmed 77 N.J.L. 800 (E. & A. 1909). And a person dealing with a corporate officer is not entitled to imagine or surmise the existence of any extraordinary state of facts in order to bring the acts of the officer within the scope of his authority. 13 Am. Jur., Corporations, sec. 891.
We fail to discover any evidence in the present case which in law and fact can support the inference that Mr. Aragona merely in his capacities as a director and treasurer had special authority to obligate the company in the transaction sub judice.
It is the generally recognized rule that if the board of directors of a private corporation has not given express authority to the treasurer to execute a lease on behalf of the corporation, and the facts and circumstances of the particular case fail to show that any apparent authority has been conferred upon such officer, the corporation is not bound by his undertaking, unless the corporation knowingly ratifies his acts. 2 Fletcher, Cyc. Corps. (Perm. ed.) 322, sec. 472.
And therefore we proceed to search the transcript in quest of evidence, if any, which generates a reasonable inference of the apparent authority of Mr. Aragona.
We at once acknowledge that where an officer of a corporation has been permitted by the board of directors to manage the corporate affairs, his authority to represent the *569 company may be implied from the manner in which he had been so allowed to transact its business. There is no doubt that the powers of an agent may be disclosed by proof of his engagement in previous transactions of a similar nature with others with the knowledge and acquiescence of his principal. Hoisting Machinery Co. v. Goeller Iron Works, 84 N.J.L. 504 (Sup. Ct. 1913); Besser v. Eisler Electric Corp., 115 N.J.L. 146 (E. & A. 1935).
In such cases, the authority of the officer does not arise so much from his official title or from the theoretical nature of his office, as it does from the duties he is in the habit of performing with the consent of the directors. Martin v. Webb, 110 U.S. 7 (1884); Fifth Ward Savings Bank v. First National Bank, 48 N.J.L. 513, 527 (E. & A. 1886); Clement v. Young-McShea Amusement Co., 69 N.J. Eq. 347 (Ch. 1905), reversed on other grounds, 70 N.J. Eq. 677 (E. & A. 1906); Cope v. C.B. Walton Co., 77 N.J. Eq. 512, 519 (Ch. 1910), affirmed 79 N.J. Eq. 165 (E. & A. 1911).
In the case at bar, the defendant is engaged in the general contracting business and not in the sale or rental of real estate. It is said that Mr. Aragona was the general manager of the business. The evidence does not travel quite that distance. He was the office manager and undoubtedly represented the company at its office in the pursuit of its usual course of business.
He had on a previous occasion negotiated with the plaintiff to procure a purchaser for the same premises and his efforts with the knowledge of the plaintiff were rejected by his associate directors. Cf. Daniele v. Burlington Real Estate & Mfg. Co., 84 N.J. Eq. 53 (Ch. 1914). The premises were being used by the corporation for the housing of its machinery and equipment. Their rental to another and the substitution of other premises for such purpose was an unusual and unprecedented affair, not ordinarily met with "in the usual course of the defendant's business."
Indeed, the part of the ordinary business of the corporation with which Mr. Aragona was entrusted is not clear. See, *570 2 Fletcher Cyc. Corporations 583, sec. 655. The evidence does not warrant the conclusion that he possessed more than the implied or ostensible power to act for the corporation in the usual and ordinary transactions of the company's customary business. See, 13 Am. Jur. 888, sec. 915, et seq.
The test in the present case was whether under the circumstances disclosed by the evidence, a person of ordinary prudence, conversant with business usages and the nature of the particular transaction, would be justified by reason of the principal's acts in presuming the requisite agency. J. Wiss & Sons Co. v. H.G. Vogel Co., 86 N.J.L. 618 (E. & A. 1914); Jacob Ruppert v. Jernstedt & Co., 116 N.J.L. 214 (E. & A. 1936).
The evidential structure of the plaintiff's case is erected almost entirely upon the statements and conduct of Mr. Aragona. It is elementary that agency cannot be proved merely by the extra-judicial declarations of the person whose agency is sought to be established. Van Dusen Aircraft Supplies, Inc., v. Terminal Const. Corp., 3 N.J. 321 (1949); Mueller v. Seaboard Commercial Corp., 5 N.J. 28 (1950).
The probability that Mr. Aragona owned a large amount of the corporate stock is not a major consideration. Clement v. Young-McShea Amusement Co., supra, on p. 681; Stokes v. New Jersey Pottery Co., supra; Demarest v. Spiral Riveted Tube Co., 71 N.J.L. 14 (Sup. Ct. 1904). The circumstance is accentuated by counsel for the respondent that the board of directors was comprised of Mr. Auf der Heide, his daughter, and his son-in-law, Mr. Aragona.
We are aware that there are reported decisions in our own jurisdiction relating to the implied authority of corporate officers where the corporations are characterized as "family affairs." Ritz Realty Corp. v. Eypper & Beckman, 101 N.J. Eq. 403 (Ch. 1927), affirmed 103 N.J. Eq. 24 (E. & A. 1928); Yeskel v. Murray Holding Co., 140 N.J. Eq. 195 (Ch. 1947), affirmed 141 N.J. Eq. 366 (E. & A. 1948). Yet it is not made evident in the present case that the business of the defendant was being conducted with informality and *571 that Mr. Aragona dominated the corporate action of the company. Cf. Herman v. Brickman, 8 N.J. Super. 204 (App. Div. 1950).
Our circumspect review of the scanty and inappreciable evidence to sustain the apparent authority of Mr. Aragona contractually to obligate the defendant in the transaction with the plaintiff guides us to the ultimate conclusion that the judgment rendered in favor of the plaintiff should be reversed and a new trial of the action directed. Judgment accordingly.