JACOB RUPPERT, A BODY CORPORATE, PLAINTIFF-APPELLANT, v. JERNSTEDT AND COMPANY, LIKEWISE A BODY CORPORATE, DEFENDANT-RESPONDENT.

Submitted October 25, 1935—Decided January 31, 1936.

For the appellant, *Stuhr & Vogt* (*William S. Stuhr,* of counsel).

For the respondent, *Peter Cooper* (*Haydn Proctor,* of counsel).

The opinion of the court was delivered by

HEHER, J. Plaintiff sued to recover the price of beer sold and delivered; and defendant counter-claimed for damages resulting from the breach of an asserted contract whereby plaintiff constituted defendant the "distributor" of its beer products in the counties of Monmouth and Ocean, in this state, and undertook to supply defendant with "bottled and keg beer in whatever quantities needed or ordered," deliveries to begin April 7th, 1933. Defendant bound itself to purchase exclusively from plaintiff all such merchandise "needed for sales and distribution" in the area mentioned; and the claim is that, in performance of the contract, it set up an "extensive sales organization," and engaged in advertising on a substantial scale. There was a verdict for defendant on the counter-claim, and from the consequent judgment plaintiff appeals.

The sole question properly raised by the grounds of appeal is the propriety of the denial of plaintiff's motion for the direction of a verdict in its favor on the counter-claim. It is urged that the motion should have been granted for two reasons, viz.: First, the claimed contract was not proved, in that (a) the evidence did not establish a "meeting of the minds of the parties" on "all the essential terms" thereof, and (b) the agent of plaintiff alleged to have made the contract, in its name and on its behalf, was not vested with authority to bind it in the premises, and plaintiff was therefore not bound by such an undertaking, if assumed by the agent in its behalf; and second, defendant "did not keep up the terms upon which it bought beer."

The record of the motion contained in the state of the case does not disclose that any reason therefor was assigned in the

court below; but the remarks of the trial judge in disposing of it indicate an understanding that the sole question presented and considered was the sufficiency of the proofs bearing upon the agent's authority, or apparent authority. He held this to be a jury question on the evidence, and counsel noted an exception to that ruling.

This exception therefore presents only the question of whether a contractual obligation was imposed upon plaintiff by reason of the agent's acts. It was upon this question alone that the trial judge rendered an opinion, and it was to this only that the exception was addressed.

It is fundamental in our system of procedure that a party shall not be heard in an appellate court upon a point not raised and considered in the court below. *Delaware, Lackawanna and Western Railroad Co.* v. *Dailey,* 37 *N. J. L.* 526; *Kimble* v. *Kavanaugh,* 101 *Id.* 164; *Garretson* v. *Appleton,* 58 *Id.* 386. Every objection, to be entitled to consideration on appeal, must have been taken, considered and decided by the court below. A general exception is without efficacy. The exception must be precise. It must embrace the points alleged for error. Only the grounds specifically presented to the trial judge in support of a motion to nonsuit or direct a verdict will be considered on appeal. *Trade Insurance Co.* v. *Barracliff,* 45 *Id.* 543; *Ottawa Tribe, No.* 15, v. *Munter,* 60 *Id.* 459; *Garretson* v. *Appleton, supra; Jackson, Admr.,* v. *Consolidated Traction Co.,* 59 *Id.* 25; *Yetter* v. *Gloucester Ferry Co.,* 76 *Id.* 249; *Bell* v. *Mecum,* 75 *Id.* 547; *Roberson & Demarest* v. *Crichfield,* 87 *Id.* 708; *McCloud* v. *Illinois Surety Co.,* 83 *Id.* 572; *Sullivan* v. *Magnolia Construction Co.,* 96 *Id.* 214.

The point thus raised in the court below is without substance. It was open to the jury to find that the questioned acts of the agent, if not expressly authorized, were within the scope of his apparent authority. Mr. Jernstedt, by letter, solicited from plaintiff an agency for the sale of its products in the stated counties. In response to an invitation, he journeyed to plaintiff's offices in the city of New York, and there Mr. Nicholson, plaintiff's "business secretary," after a discussion of the thing sought, introduced to him a Mr. Mohr as

the company's "New Jersey sales representative." Nicholson advised Jernstedt that Mohr "would take care of us." This was Jernstedt's testimony. It developed that Mohr was "general manager of the sales department of" plaintiff's bottling department. The latter testified that, in that capacity, he was responsible for the activities of the salesmen, but he denied that he possessed "authority to make contracts." He admitted that he, on behalf of plaintiff, authorized defendant "to act as distributor for" plaintiff's products in the counties mentioned, and undertook to "endeavor to supply them;" but he denied that he made any "promise as to quantity whatsoever." One of plaintiff's witnesses testified that Mohr was authorized to deal with defendant "as far as sales were concerned." Thereafter Mohr acted for plaintiff in all transactions with defendant; and there is manifestly in this evidence ample basis for the finding that, in the making of the asserted contract, the agent acted within the scope of his apparent authority.

By reason of the principal's manifestations, it reasonably appeared to Jernstedt that the agent possessed the authority to impose upon it the undertakings made the subject of this action. See *J. Wiss & Sons Co.* v. *H. G. Vogel Co.*, 86 *N. J. L.* 618; *Heckel* v. *Cranford Golf Club*, 97 *Id.* 538; *Law* v. *Stokes*, 32 *Id.* 249. The test is whether, under the circumstances, a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified, by reason of the principal's acts, in presuming the requisite agency; and this question is ordinarily one peculiarly within the province of the jury. *Dierkes* v. *Hauxhurst Land Co.*, 80 *Id.* 369; *J. Wiss & Sons Co.* v. *H. J. Vogel Co., supra.*

Secondly, it is urged that the trial judge erred in permitting the introduction of "immaterial, incompetent and irrelevant testimony," relating to "conversations and transactions" not "binding upon" appellant, for the reason that they "covered a period of time prior to the existence [corporate] of respondent." This assignment lacks efficacy. It fails to comply with the well established rule that the grounds of appeal, based upon asserted erroneous rulings on evidence, should state the

name of the witness and the questions or answers objected to and ruled upon by the trial judge. *Ciccone* v. *Colonial Life Insurance Co.,* 110 *N. J. L.* 276.

The judgment is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.

*For reversal*—None.