31 N.J. Super. 584 (1954)
107 A.2d 564
BERNARD HERRON, PLAINTIFF-RESPONDENT,
v.
SHERIDAN GARDENS, INC., SEC. 2, DEFENDANT AND THIRD-PARTY PLAINTIFF-APPELLANT, RAY BOWDEN, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued July 26, 1954.
Decided August 24, 1954.
*585 Before Judges WOODS, KNIGHT and SULLIVAN.
Mr. Felix Bigotto argued the cause for plaintiff-respondent (Mr. John F. Ryan, attorney).
Mr. Albert L. Kessler argued the cause for plaintiff-appellant.
The opinion of the court was delivered by KNIGHT, J.S.C. (temporarily assigned).
The plaintiff was a prospective tenant of the defendant company, Sheridan Gardens, Inc., Sec. 2, in an apartment house which it owned and operated. On April 1, 1953, he negotiated with Ray Bowden, the superintendent, for the rental of an apartment. He paid Bowden $144, $72 for the first month's rent to commence May 1, 1953, and $72 for one month's security. He received the following printed receipts:
 "Sheridan Gardens, Inc.,
 1093 Sheridan Avenue,
 Elizabeth, N.J.
 No. ____ Sheridan-Alina-Virginia-Carrington
 Tenant Bernard Herron
 Receipt of $72.00 is hereby acknowledged security
 Month of May
 Sheridan Gardens, Inc.,
 By Ray Bowden,
 Supt.
 Date May 1, 1953."
*586
 "Sheridan Gardens, Inc.,
 1093 Sheridan Avenue,
 Elizabeth, N.J.
 No. ____ Sheridan-Alina-Virginia-Carrington
 Tenant Bernard Herron
 Receipt of $72.00 is hereby acknowledged for Rent for
 month of May
 Sheridan Gardens, Inc.,
 By Ray Bowden,
 Supt.
 Date May 1, 1953."
Thereafter, he learned there was no apartment available and when he sought to recover his money the company disavowed the receipts. He sued to recover the sum of $144 paid Bowden and the sum of $160 for moving and storage expenses as he moved from his place of abode anticipating an apartment would be available in the defendant company apartment house.
The Judge of the District Court sitting without a jury, entered judgment in favor of the plaintiff against the corporate defendant for $300. The corporate defendant appeals and contends that the court erred in finding that Bowden had apparent authority to receive the monies.
The defendant company had a renting office in its building with its president or project manager in charge during the early part of each month. For the balance of each month it was closed. The plaintiff testified that when he went to the office it was closed. He then went to the superintendent's office and there negotiated for an apartment, made his payments, received his two receipts; that a lease was to be later prepared.
The defendant company, through its president, David Krell, and Aaron Cohen, the project manager in charge of buildings and renting, denies Bowden as superintendent had any authority to collect rents or negotiate leases; that his duties were to take garbage out and keep the property clean; that all apartments rented during the term of Bowden's employment were rented by Aaron Cohen.
Bowden in his deposition testified he had been employed by the defendant company as a superintendent for approximately *587 a year prior to April 1, 1953; that his duties were general maintenance, taking care of the heat and collecting rents; that he turned the rent money over to any one who would be in the renting office and obtained a receipt therefor, and that he gave the tenants a duplicate receipt. He further testified that after the 5th of the month the renting office was closed and he would call on the tenants who were delinquent in their payments or they would call at his house. He also testified that he had rented apartments to other tenants who were accepted and received leases signed by the officers of the defendant company.
The law fixing liability of the principal for the acts of the agents has been set forth by Judge Jayne in Mesce v. Automobile Association of N.J., 8 N.J. Super. 130 (App. Div. 1950):
"Fundamentally, the liability of the alleged principal must flow from the act of the principal. It is, of course, the general rule that the principal is bound by the acts of the agent within the apparent authority which he knowingly permits the agent to assume or which he holds the agent out to the public as possessing. The factual question is whether the principal has by his voluntary act placed the agent in such a situation that a person of ordinary prudence, conversant with business uses, and the nature of the particular business, is justified in presuming that such agent has the authority to perform the particular act in question. Law v. Stokes, 32 N.J.L. 249 (Sup. Ct. 1887); J. Wiss & Sons v. H.G. Vogel Co., 85 N.J.L. 618 (E. & A. 1914); Baurhenn v. Fidelity, etc., of Maryland, 114 N.J.L. 99 (E. & A. 1935); Jacob Ruppert v. Jarnstedt & Co., 116 N.J.L. 214 (E. & A. 1936). When established, the authority, implied or apparent, can neither be qualified by the secret instructions of the principal nor enlarged by the unauthorized misrepresentations of the agent. Law v. Stokes, supra."
The trial court found as a fact that the superintendent was not acting with express authority to negotiate leases or collect rents. With that we concur. However, in view of the fact that the renting office was closed for the greater part of each month, and particularly at the time the plaintiff called at the premises and that Bowden had in his possession defendant's rent receipt blanks with no notation thereon, that the rents were to be paid at the renting office, and *588 further, that Bowden had been collecting rents and turning them over to the defendant company for a period of nearly a year it is our opinion that the trial court was justified in concluding that Bowden possessed the implied authority to act for the defendant company in the ordinary transaction of the company's business, namely, that of leasing apartments.
Judgment affirmed.