JOHN ORBANUS, PLAINTIFF-APPELLANT, v. FRANK A. SEDER AND GEORGE PORCH, DEFENDANTS-RESPONDENTS, THIRD-PARTY PLAINTIFFS, HARRIET H. KOHNOW, ADMINISTRATRIX AD LITEM OF THE ESTATE OF THOMAS H. KOHNOW, SR., THIRD-PARTY DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued November 18, 1957—Decided December 12, 1957.

Before Judges CLAPP, HALL and SCHETTINO.

*Mr. Theodore R. Mann* of the Pennsylvania Bar argued the cause for plaintiff-appellant on application of *Mr. Benjamin Asbell,* attorney for plaintiff-appellant.

*Mr. Peter J. Devine, Jr.,* argued the cause for defendants-respondents (*Messrs. Orlando, Kisselman & Devine,* attorneys).

The opinion of the court was delivered by

SCHETTINO, J. A. D.     ▉ Appeal by plaintiff has been here taken from a Law Division judgment entered on a jury's verdict of no cause of action in favor of defendants, Seder and Porch, in a negligence action arising out of an automobile collision accident.  Thomas Kohnow, Sr. was driving the car in which plaintiff was riding and Mr. Kohnow was killed in the accident.  His administratrix was made a party to this suit by defendants, Seder and Porch, as a joint tortfeasor so that in the event there might have been a verdict against the main defendants the third-party defendant might be called upon to contribute.

Plaintiff testified that on Saturday, November 5, 1955, at 6 o'clock in the morning, he was a passenger in Kohnow's car which was involved in a head-on collision with a truck owned by defendant Seder and driven by his agent, defendant Porch. Plaintiff and Kohnow had been working six days a week, 58 hours a week for six or seven months on a 6:30 A. M. to 5:00 P. M. schedule. By a share-the-expense arrangement with Kohnow, plaintiff was picked up every morning about 5:30 A. M. at a parking lot in Glassboro, New Jersey, from where he was driven to work in Philadelphia.

On Friday, the night before, plaintiff had been out until midnight attending a Knights of Columbus meeting. He slept about four hours, arose on Saturday morning about 5:00 o'clock, arrived at Glassboro "a little tired" and was picked up by Kohnow. By the time they travelled a block or so, plaintiff fell asleep but claims he was awakened by Kohnow some time just prior to the accident and saw Seder's truck driven by Porch which was following another one of Seder's trucks, suddenly swerve across the center white line and hit Kohnow's car head-on.

Seder's employees deny this posture of the facts. They testified that decedent's car began to veer across the white line, narrowly missed defendant's first truck, then crossed the white line and hit Seder's second truck head-on. Defendants sought further to negate plaintiff's testimony by offering into evidence a statement dated November 18, 1955, signed by plaintiff, to the effect that plaintiff was asleep at the time of the accident, saw nothing, did not recall hearing the crash or feeling the impact. This statement was corroborated by the testimony of a state trooper who arrived at the scene shortly after the accident. He thereafter went to see plaintiff at the hospital and plaintiff told him that plaintiff had been asleep at the time of the accident and could not offer any suggestion as to the happening of the accident.

Several grounds for reversal are urged. We first discuss plaintiff's exception to the trial court's charge on the issues of assumption of risk and contributory negligence.

Defendants contend in their brief and in the oral argument that at the close of all the evidence, there was substantial proof from which the jury could find in the unique circumstances of this case, that there was a strong suggestion that the driver, Kohnow, was also tired, and that because of the early morning hour and the accumulated fatigue of extended overtime work, accentuated by driving with a sleeping person, Kohnow, too, fell asleep at the wheel, crossed over into the opposing lane of traffic and crashed head-on into the defendant's garbage truck; that plaintiff was bound to exercise such care for his own safety as was specially required by the driving conditions he himself had helped create; that, since there were reasonably debatable issues as to these facts, the issues of assumption of risk and contributory negligence were properly left to the jury for its determination, citing, among others, the cases of *Petrone v. Margolis,* 20 *N. J. Super.* 180 (*App. Div.* 1952); and *Bowman v. Central R. Co. of New Jersey,* 27 *N. J. Super.* 370 (*App. Div.* 1953). Defendants argue that, if the plaintiff had been awake and had made a reasonable—or even a split second—observation, he would have noticed the sleepy condition of his fatigued driver and responded in sufficient time to rouse him and to avoid crossing into the opposite lane and crashing into defendants' truck, but plaintiff failed because he was asleep.

In our opinion both of the above cited cases give defendants little comfort. Very substantial evidence was submitted in those cases to the effect that the driver of the car, to the knowledge of the passenger, was intoxicated to the point where driving in such condition would be dangerous to self and passenger. In the *Petrone* case, defendant had had a considerable amount of beer, was "a little high" and was boisterous and in the *Bowman* case the driver had had eight glasses of whiskey. From such testimony the jury and not the judge was the proper one to decide the issues of contributory negligence and assumption of risk. *King v. Jones,* 47 *N. J. Super.* 279 (*App. Div.* 1957), decided November 7, 1957. Assuredly, where

the evidence warrants it, the question of contributory negligence or assumption of risk by a sleeping passenger plaintiff is for the jury. *Sothern v. Van Dyke*, 114 *N. J. L.* 1, 8 (*E. & A.* 1934).

We give defendants the benefit of all reasonable inferences. The jury could have found that plaintiff, immediately upon entering Kohnow's car, dozed off and was still sleeping at the time of the accident and therefore did not see the accident. But more than that the jury could not have found from the evidence.

The uncontradicted testimony on behalf of plaintiff was that, in the period of six or seven months during which he rode with Kohnow, he had never seen Kohnow drive beyond 45 miles per hour, had never noticed Kohnow drive carelessly and, on the morning of the accident, saw that Kohnow was as usual driving at 40 to 45 miles per hour. Moreover, there was no record proof that Kohnow, on that date or at any time prior to that date, had evidenced fatigue despite the long work weeks. No inference can be drawn from the testimony that Kohnow was asleep or fatigued on that Saturday morning.

To the contrary is the testimony of Mrs. Kohnow. She stated that on Friday night previous to the Saturday morning involved, Kohnow had gone to bed between 9:30 and 10:00 o'clock, that, when he arose that Saturday morning, he was "in good spirits, we were talking about going out hunting; the older boy was going hunting that morning. He was in really good spirits."

Plaintiff and not Mr. Kohnow had attended the Knights of Columbus meeting and had had only four hours sleep. The plaintiff and not Mr. Kohnow was tired and sleepy. Our analysis of the record brings us to the conclusions that there are absent the extraordinary circumstances which would compel plaintiff not to rely upon his driver to observe the ordinary hazards of travel and therefore there is no evidence from which contributory negligence or assumption of risk could be inferred by the jury. The judge should have so found as a matter of law and should not have submitted

these issues to the jury. Unquestionably, the charge on these issues had a substantial effect on the jury's deliberations and verdict. Error, requiring reversal, was committed in submitting these issues to the jury. *Falicki v. Camden County Beverage Co.*, 131 *N. J. L.* 590, 595 (*E. & A.* 1944); *Lehman v. Anderson*, 27 *N. J. Super.* 444, 447 (*App. Div.* 1953), affirmed on opinion below 14 *N. J.* 340 (1954).

We refer to two other points raised on appeal. The trial court refused to allow a plaintiff's witness to testify because his name had not been submitted to defendants in answer to an interrogatory. Plaintiff's Pennsylvania trial attorney stated that he had not determined the name of the witness until Saturday, two days before the first day of trial, and therefore had no opportunity to inform defendants' counsel and that moreover the specific interrogatory did not encompass the class of witnesses in which this witness fell. We feel that the interrogatory was sufficient to call for the name of the witness and that plaintiff's trial attorney was derelict in not notifying by telephone or messenger defendants' attorney as soon as he had obtained the witness' name and address. On the retrial, plaintiff will be permitted to amend his answer to the interrogatory to include the name of William H. Taylor, the witness involved.

Plaintiff also contends that the trial court erred in refusing to allow plaintiff's counsel to establish the identity of the man who took the November 18 statement from plaintiff. Since no such ruling appears in the record, we cannot consider this point. Nevertheless, the record indicates conformity with *Miller v. Henderson*, 41 *N. J. Super.* 15 (*App. Div.* 1956), certification denied 22 *N. J.* 229 (1956).

The case is remanded for a new trial; costs on appeal to abide the result of the new trial.