THOMAS BELL, PLAINTIFF-APPELLANT, v. EASTERN BEEF CO., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued March 17, 1964—Decided April 20, 1964.

Mr. *Arnold M. Stein* argued the cause for plaintiff-appellant (*Messrs. Pearlman & Krumholz* attorneys; *Messrs. Stein & Einhorn,* and *Mr. Morris F. Pearlman,* of counsel).

Mr. *Brian D. Conlan* argued the cause for defendant-respondent (*Messrs. Gurry and Conlan,* attorneys; *Mr. Conlan,* on the brief).

Per Curiam. At a trial before a jury, plaintiff recovered a verdict against defendant for injuries resulting from an accident which was found to have been caused by defendant's negligence. The Appellate Division reversed, unanimously holding that plaintiff had not presented sufficient evidence of negligence to constitute a jury question. We granted certification on plaintiff's petition. 41 *N. J.* 115 (1963).

On Monday, September 19, 1960, plaintiff was employed by Food Fair Stores at one of its loading platforms in Elizabeth. At 8:00 a. m. defendant's driver backed one of its trucks up to the platform in order to take on a load of beef. The truck had an insulated body 12 feet in length, the floor and sides of which were made of wood. Defendant's driver, in accordance with governmental regulations, covered the entire floor of the truck with three or four strips of paper laid lengthwise from front to back.

Hinds of beef, weighing about 160 to 200 pounds each, were brought to the rear of the truck on a device equipped with rollers which could be pushed across the concrete platform. From there, plaintiff would take and carry the hinds of beef into the truck and hang them on hooks located on the interior walls of the truck. While carrying the first hind of beef weighing about 160 pounds into the truck and while in about the middle of the truck, plaintiff lost his footing, his "legs went apart like a split," he started to fall, but was caught by defendant's driver so that neither plaintiff nor the beef fell to the floor. Plaintiff testified that he told the driver he had hurt his back. Plaintiff noticed that the slipping had moved the paper from the tail of the truck about two feet exposing a part of the floor which was smeared with beef fat. Plaintiff testified that he did not look at the floor underneath the paper at the point where he had slipped, but it felt slick there. When plaintiff came out of the truck, he warned a coemployee who was helping to load the truck "to be careful because it's slick." Thereafter, they completed the loading of the truck.

Although the accident did not prevent plaintiff from working the rest of the day, that night, however, his left testicle started to ache and swell. Eventually the testicle had to be removed.

Two of defendant's witnesses testified that the usual practice of the company was to clean the trucks on Saturdays by sweeping and then by using trisodium and steam on the floors. Plaintiff contends that defendant was negligent in supplying a truck with a floor in a dangerous condition. He further contends that defendant's driver, in putting the paper on the truck floor, negligently failed to observe what was on the floor, and that had he observed properly, he would have seen the greasy spots.

The Appellate Division held that the trial court committed reversible error in denying defendant's motions for involuntary dismissal under *R. R.* 4:42–2(b) and for judgment *n. o. v.* under *R. R.* 4:51–2. In ruling on these motions the court must look at the evidence and the inferences which may reasonably be deduced therefrom in a light most favorable to the plaintiff, and if reasonable minds could differ as to whether any negligence had been shown, the motions should be denied. *DeRienzo v. Morristown Airport Corp.*, 28 *N. J.* 231, 236–239 (1958) ; *Kopec v. Kakowski*, 34 *N. J.* 243, 244 (1961). The Appellate Division felt that reasonable minds could not find from the evidence that the spot where plaintiff lost his footing was greasy.

We disagree. In our view there was sufficient evidence from which reasonable men could infer that the floor of the truck was slippery at the point where plaintiff skidded and that the substance causing that condition should have been detected by defendant through the exercise of reasonable care.

There is no dispute that plaintiff was an invitee and defendant owed plaintiff a duty of care in maintaining the floor in a reasonably safe condition. *Cf. McGrath v. American Cyanamid Co.*, 41 *N. J.* 272 (1963) ; *Handleman v. Cox*, 39 *N. J.* 95 (1963) ; *Meny v. Carlson*, 6 *N. J.* 82 (1950).

The defendant submitted testimony that its trucks were swept every day and that on Saturdays they were normally cleaned with trisodium and steam. From this a jury could infer that a hard-to-remove substance falls to the truck floors and requires this type of cleaning.

Plaintiff testified that the floor underneath the paper at the spot where he slipped "felt slick," that the paper moved when the accident occurred so that a two-foot long space at the rear of the truck floor was exposed and that the floor there "was smeared like butter" with beef fat. In our view it would not be unreasonable for a jury to conclude that if a part of the floor is "slick" and a spot four feet away is smeared with beef fat, the "slick" portion might well be smeared with the same substance. Moreover, as there was fat smeared on at least part of the floor at 8:00 A. M. on a Monday morning when plaintiff carried in the first hind of beef, a jury could reasonably conclude either that a negligent job of cleaning was performed the preceding Saturday or that the truck was not cleaned at all.

From this evidence we believe that inferences of lack of due care could be drawn by reasonable men, and thus the probative force of the evidence was for a jury, and not for a court, to decide.

The judgment of the Appellate Division is reversed and the judgment of the trial court is reinstated.

*For reversal* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.