128 N.J. Super. 247 (1974)
319 A.2d 758
STUART ATLAS, TRADING AS POLWIN & MATHIAS, PLAINTIFF-APPELLANT,
v.
FRED R. SILVAN AND ANNIE B. SILVAN, HIS WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 9, 1974.
Decided May 7, 1974.
*249 Before Judges COLLESTER, LYNCH and MICHELS.
Mr. Peter Rosen argued the cause for appellant (Messrs. Yanowsky & Rosen, attorneys).
Mr. Gregory J. Domareki argued the cause for respondents.
The opinion of the court was delivered by MICHELS, J.A.D.
Plaintiff real estate broker appeals from a judgment rendered in the Essex County District Court on a jury verdict denying him recovery of a broker's commission and entering an award of $700 on defendants' counterclaim for return of their deposit and counsel fees incurred in defending the within action.
Plaintiff appeals, contending that (1) the trial judges erred in denying his motion for a directed verdict on the *250 complaint and the counterclaim; (2) the judge erred in overruling his objection to testimony as to the size of the property and the admissibility of a survey of the property, and (3) he erred in his charge to the jury as to the standard to be applied in determining whether defendant purchasers had a valid reason for not completing the contract, and in failing to charge the elements of fraud.

I
A careful review of the record establishes that the trial judge properly denied plaintiff's motion made at the end of the testimony offered by defendants in defense of the plaintiff's claim and in support of their counterclaim. The motion made by plaintiff would appear to be a motion for judgment under R. 4:40-1. Unfortunately, when plaintiff's counsel indicated that he wished to make a motion at the end of defendants' case, the trial judge advised counsel to "consider it as made and denied" and directed counsel to proceed with the evidence in defense of the counterclaim without arguing his motion. We are of the view that this practice should not be followed and urge trial judges to hear and consider the basis upon which motions are made and place on the record the reasons for their decisions. In spite of the fact that we do not condone the procedure followed by the trial judge, nevertheless we are of the view that the decision he reached was correct.
The judicial functon upon a motion for judgment under R. 4:40-1 is the same as that governing the determination of a motion for involuntary dismissal under R. 4:37-2(b), that is, the judge must accept as true all the evidence which supports the position of the party defending against the motion and must accord it the benefit of all inferences which can reasonably and legitimately be deduced therefrom, and if reasonable minds could differ, the motion must be denied. See Dolson v. Anastasia, 55 N.J. 2, 5-6 (1969). Applying this criterion, reasonable minds could differ as to *251 whether plaintiff had misrepresented the size of the lot and the nature and quality of the rosewood panelling in the house, and as to whether plaintiff, through his agent and salesman Lyng, had failed to exercise due diligence in procuring a mortgage for defendants. Thus, clearly there were factual issues raised justifying or excusing the nonperformance of the contract by defendants and supporting their counterclaim which had to be resolved by a jury and could not be disposed of by motion under R. 4:40-1.

II
Plaintiff further contends that the trial court erred in permitting defendant Fred Silvan to testify as to the actual size of the property since he had not qualified in accordance with Evid. R. 19. We disagree. Silvan had personal knowledge of the matter, and his testimony was competent and relevant on the issue of the size of the property. The weight to be given to such testimony was for the jury  the trier of the facts.
Plaintiff also contends that the trial court improperly admitted in evidence a survey of the property prepared by F.A. Brandes, L.S., and dated December 1966. The survey was marked in evidence as P-7 and apparently had been made for the Orange Savings Bank and New Jersey Realty Title Insurance Company. While undoubtedly the survey was accurate, nevertheless, the trial court erred in admitting this survey in evidence without it having been properly authenticated. See Evid. R. 68.

III
Finally, plaintiff contends that the trial judge erred in two respects in its charge to the jury. He first argues that the judge incorrectly instructed the jurors that they should consider "what the ordinary, prudent, reasonable person would do under like circumstances" in determining if defendants *252 failed or refused to complete the contract without a valid reason. Second, he argues that the judge erred in failing to charge the jury on the elements of fraud. Plaintiff urges this on appeal for the first time as plain error. We agree. Not only is the charge improper but the impropriety thereof clearly affected a substantial right of plaintiff and had a clear capacity to bring about an unjust result. This charge, therefore, constituted plain error. See R. 2:10-2; State v. Hock, 54 N.J. 526, 538 (1969); State v. Macon, 57 N.J. 325, 337 (1971).
In Ellsworth Dobbs, Inc. v. Johnson, 50 N.J. 528 (1967), our Supreme Court stated with respect to the buyer's liability to the broker as follows:
This Court has held that when a prospective buyer solicits a broker to find or to show him property which he might be interested in buying, and the broker finds property satisfactory to him which the owner agrees to sell at the price offered, and the buyer knows the broker will earn commission for the sale from the owner, the law will imply a promise on the part of the buyer to complete the transaction with the owner. If he fails or refuses to do so without valid reason, and thus prevents the broker from earning the commission from the owner, he becomes liable to the broker for breach of the implied promise. The damages chargeable to him will be measured by the amount of commission the broker would have earned from the owner. If no amount or percentage had been agreed upon, recovery will be placed on quantum meruit and measured by the amount accepted as reasonable according to the usual custom in such brokerage business. Tanner Associates, Inc. v. Ciraldo, 33 N.J. 51, pp. 67-68 (1960). [at 559; emphasis supplied]
Under Dobbs liability is imposed on the buyer when he defaults in the performance of his contract. However, if there is a valid reason, that is, a reason which is legally sufficient or authorized by law for his nonperformance, the buyer would not be in default, and he would not be under any liability to the broker for the commission. The trial judge, therefore, should have instructed the jurors that a "valid reason" would be a reason which was legally sufficient or authorized by law for the nonperformance of the contract and should have instructed them as to the standards to be followed in determining whether the non-performance was *253 justified in this instance. The instruction as to what the ordinary, prudent, reasonable person would do in like circumstances is totally inappropriate and was clearly prejudicial to plaintiff, requiring a reversal of the judgment below.
Furthermore, the bases for defendants' counterclaim for the return of their deposit and damages for legal fees were fraud and misrepresentation. Consequently, the judge had a duty even in the absence of an appropriate request to charge the essential elements of each when it submitted defendants' counterclaim to the jury for determination. See Gabriel v. Auf Der Heide-Arangona, Inc., 14 N.J. Super. 558 (App. Div. 1951), wherein the trial court observed:
We conceive it to be at least the conventional function of the judge even in the absence of requests of counsel intelligibly to present to the jury the material and substantial issues of fact disclosed by the pretrial order, drawn into controversy by the conflicting, divergent and contradictory evidence adduced at the trial and to be submitted to the jury for determination, together with instructions in the law adapted to the consideration of such issues. How otherwise may we be confident that the jury distinctly recognized any such issue and deliberately resolved it? [at 565]
Since we hold that the judgment below must be reversed and the matter remanded for trial, we deem it appropriate to point out to the trial court that under the present posture of the law of this State there can be no recovery for expenses of litigation, including counsel fees, unless there is some express statutory authority, or contractual obligation or rule of court providing therefor, none of which authority is present here. See Jersey City Sewerage Auth. v. Jersey City Housing Auth., 70 N.J. Super. 576, 584 (Law. Div. 1961), aff'd 40 N.J. 145 (1963). See also R. 4:42-9. Accordingly, the trial judge improperly admitted evidence as to counsel fees paid by defendants to their attorney in defending the within action, and such evidence should not be admitted on a retrial of this matter.
For the foregoing reasons, the judgment below is reversed and the matter is remanded for trial consistent with the views expressed by this court.