140 N.J. Super. 72 (1976)
355 A.2d 201
ROTHMAN REALTY CORP., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
BARTON BERECK AND DEBRA BERECK, HIS WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 2, 1976.
Decided March 17, 1976.
*74 Before Judges HALPERN, CRANE and MICHELS.
Mr. Leonard Rothman argued the cause for appellant.
Respondents did not file a brief.
PER CURIAM.
Plaintiff real estate broker appeals from a judgment of the Bergen County Court denying it a broker's commission when defendants-purchasers failed or refused to complete their contract for the purchase of a house in Demarest, New Jersey.
Defendants entered into a contract to purchase the Demarest house for $135,000. Defendants paid $1,000 upon execution of the contract and an additional $13,000 shortly thereafter. The contract was contingent upon defendants obtaining through plaintiff a conventional purchase money mortgage in the sum of not less than $60,000. The contract further provided that both the sellers and defendants recognized plaintiff as the broker negotiating the agreement and agreed to pay it for the services it rendered in consummating the sale a commission of 4% of the purchase price of $5,400 upon closing of title.
Defendants completed a mortgage loan application reflecting their total assets to be $289,000, including stock valued at $150,000 and debts of only $38,850. A commitment for a conventional mortgage in the sum of $60,000 for 30 years at the rate of 7 1/2% was obtained by plaintiff which was acceptable to defendants. Between the date of *75 the execution of the contract and the date set for the closing of title the market price of the stock which defendants had planned to sell in order to make up the balance of $61,000 needed to complete the contract plummeted from $24 to $8 as a result of adverse publicity concerning the company's product. Because defendants were unable to sell their stock without taking a substantial loss, they would not complete the transaction and therefore forfeited their $14,000 deposit.
Plaintiff instituted suit to recover the commission it would have earned had the title closed. The trial court, sitting without a jury, found that defendants were financially unable to close title to the house, and held that this was a valid reason for not completing the transaction. We disagree.
In Ellsworth Dobbs, Inc. v. Johnson, 50 N.J. 528 (1967), our Supreme Court stated with respect to the buyer's liability to the broker as follows:
This Court has held that when a prospective buyer solicits a broker to find or to show him property which he might be interested in buying, and the broker finds property satisfactory to him which the owner agrees to sell at the price offered, and the buyer knows the broker will earn commission for the sale from the owner, the law will imply a promise on the part of the buyer to complete the transaction with the owner. If he fails or refuses to do so without valid reason, and thus prevents the broker from earning the commission from the owner, he becomes liable to the broker for breach of the implied promise. The damages chargeable to him will be measured by the amount of commission the broker would have earned from the owner. If no amount or percentage had been agreed upon, recovery will be placed on quantum meruit and measured by the amount accepted as reasonable according to the usual custom in such brokerage business. Tanner Associates, Inc. v. Ciraldo, 33 N.J. 51, pp. 67-68 (1960). [at 559; emphasis supplied]
Under Dobbs liability is imposed on the buyer when he defaults in the performance of his contract. However, if there is a valid reason, that is, a reason which is legally sufficient or authorized by law for his nonperformance, the buyer would not be in default, and he would not be under any liability to the broker for the commission. Atlas v. Silvan, 128 N.J. Super. 247, 252 (App. Div. 1974).
*76 Although the substantial decrease in the market value of the stock may have posed financial problems for defendants, and they may even have sustained substantial loss if they had sold the stock, nevertheless, this did not constitute a valid reason for refusing to complete the transaction within the principles set forth in the Dobbs case. Defendants were not insolvent. When parties enter into a contract each assumes the risk that he will have the financial ability to perform, and the mere fact that supervening events may deprive him of that ability does not discharge a party from the performance of his contract.
As a general principle, difficulty or even improbability of accomplishment without financial loss will not release a party from his contract. Many cases hold that inconvenience or the cost of compliance, though they might make compliance a hardship, cannot excuse a party from the performance of an absolute and unqualified undertaking to do a thing that is possible and lawful, inasmuch as parties sui juris bind themselves by their lawful contracts, and courts cannot alter them because they work a hardship. The rights of the parties must be measured by the contract which they themselves made, and a contract is not invalid, nor is the obligor therein in any manner discharged from its binding effect, because it turns out to be difficult or burdensome to perform. It has been said that difficulties, even if unforeseen and however great, are no excuse, and that the fact that a contract has become more burdensome in its operation than was anticipated is not ground for its rescission. Even a court of equity must, when its jurisdiction is properly invoked, give full force and effect to a contract which has been voluntarily, understandingly, and fairly entered into and which is free from fraud, accident, mistake, or other circumstance recognized as a ground for equitable relief, although the contract is harsh, unwise, or improvident. It has also been said that the answer to the objection of hardship is that it might have been guarded against by a proper stipulation. [17 Am. Jur.2d, Contracts, § 402 at 848-850]
See also, Calamari & Perillo, Contracts (1970), § 197 at 315; 6 Corbin, Contracts (1962), § 1332 at 361.
Accordingly, the judgment of the Bergen County Court is reversed and the matter is remanded to the trial court for the entry of judgment in favor of plaintiff and against defendants in the sum of $5,400 together with interest.