141 N.J. Super. 59 (1976)
357 A.2d 282
DONALD JOSEPH WOLFE AND JUDITH WOLFE, HIS WIFE, PLAINTIFFS-RESPONDENTS,
v.
CHATEAU RENAISSANCE, A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 15, 1976.
Decided April 21, 1976.
*62 Before Judges ALLCORN, KOLE and ARD.
Mr. Peter J. Auerbacher argued the cause for the appellant (Mr. E. Richard Kennedy, attorney).
Mr. Maurice J. Frank argued the cause for the respondents (Messrs. Kors & Rubin, attorneys).
The opinion of the court was delivered by ARD, A.J.S.C., Temporarily Assigned.
This is an appeal by defendant hotel owner from a verdict in behalf of a hotel guest for personal injuries sustained from a fall while in the shower. Plaintiffs cross-appeal the order of the court granting remittitur.
The jury returned verdicts of $15,000 for plaintiff husband and $1,000 for plaintiff wife on her per quod count. The trial judge granted remittitur of the verdict as to plaintiff husband from $15,000 to $9,000.
The entire trial consisted of the testimony of plaintiffs and their medical expert. When plaintiffs rested defendant moved for dismissal of the action on the ground that upon the facts and upon the law they had shown no right to relief. The motion was denied. The defense offered no witnesses in its own behalf. In the judge's charge the jury was instructed as to the doctrine of res ipsa loquitur and advised that the defense of contributory negligence was not to be considered.
Plaintiff's uncontradicted testimony was that he manually turned on the shower and set it at a comfortable temperature before entering the shower. In the shower he soaped up, and while rinsing off "this hot water, really hot, came gushing *63 out, and at that particular time I just jumped back. As I jumped back, that's when I hit the back of the tub, and I went down."
Defendant asserts as error: (1) the use of res ipsa loquitur; (2) the trial judge's failure to dismiss the action at the conclusion of plaintiffs' case; (3) striking the defense of contributory negligence; (4) allowing plaintiff husband's doctor to testify as to permanent injury, and (5) allowing an award of damages against the weight of the evidence.
The owner or operator of a hotel is under a duty to exercise ordinary care to render the premises reasonably safe for the use of its guests. Ball v. Atlantic City Ambassador Hotel Corp., 137 N.J.L. 744 (E. & A. 1947).
It is axiomatic that negligence must be shown, and the burden of proving it is upon the plaintiff. However, the law allows a permissible inference of negligence where certain facts are demonstrated. If the circumstances of the occurrence which caused the injury are such that, in the ordinary course of events, it would not have happened if ordinary care had been used, and where the total circumstances show a probability that defendant's lack of due care was responsible for the occurrence and eliminate the probability of efficient participation by some other cause, and there is no indication in the circumstances that the injury was the result of plaintiff's own voluntary act or neglect, the jury may draw an inference that the occurrence was the product of defendant's negligence. Vespe v. DiMarco, 43 N.J. 430 (1964); Kahalili v. Rosecliff Realty, Inc., 26 N.J. 595, 605-607 (1958); Bornstein v. Metropolitan Bottling Co., 26 N.J. 263 (1958).
Defendant argues that plaintiffs have failed to show that the setting of the water temperature was within defendant's exclusive control. The unopposed evidence establishes, and unquestionably the jury found, that after the initial adjustment of water temperature, plaintiff husband did not touch the controls. There is no basis for determining that the *64 sudden expulsion of hot water was the result of plaintiff's own voluntary act or neglect. It could be reasonably inferred that the heating plant, pipes and plumbing device which initially controls hot water temperature and pressure were in the exclusive control of defendant hotel. The circumstances of this incident furnish reasonable grounds for the inference that if due care had been practiced by defendant having control of the plumbing facilities this accident would not have occurred.
In Kahalili v. Rosecliff Realty, Inc., supra, the court held that a young girl who fell from a roller coaster car was entitled to invoke the doctrine of res ipsa loquitur notwithstanding the testimony of defendant's expert that she could not have fallen out of the car without standing up.
In Meny v. Carlson, 6 N.J. 82 (1950), plaintiff, a roofer, sought damages for injuries sustained when the scaffold he was working on collapsed. The evidence indicated that the scaffold collapsed when a bracket used to support one end was disengaged. Testimony was introduced by defendant who erected the scaffold that the bracket and the scaffold were struck by planks which were thrown from the roof by a third party before the scaffold collapsed. Defendant urged that he did not have exclusive control at the time of the injury since the scaffold was then being used by plaintiff and his co-workers. Moreover, the jury could have determined that the bracket had become disengaged as a result of being struck by the planks thrown from the roof. Although defendant did not have exclusive control, the judge instructed the jury on the doctrine of res ipsa loquitur. The court upheld the trial court, stating:
* * * But mere use of the scaffold by the plaintiff would not as a matter of law divest this defendant of its control of the scaffold. Ownership of the scaffold, erection of the scaffold, and the properly inferable invitation by this defendant to the plaintiff to use the scaffold created an inference from which the jury could justifiably determine that the scaffold was under the control of this defendant. [at 93]
*65 In Bornstein v. Metropolitan Bottling Co., supra, the court, quoting from Zentz v. Coca-Cola Bottling Co. of Fresno, 39 Cal.2d 436, 247 P.2d 344 (Sup. Ct. 1952), stated:
* * * "the fact that the accident occurs sometime after the defendant relinquishes control of the instrumentality which causes the accident does not preclude application of the doctrine provided there is evidence that the instrumentality had not been improperly handled by the plaintiff or some third person, or its condition otherwise changed, after control was relinquished by the defendant." [26 N.J. at 273]
We are satisfied that under the facts here, instructing the jury with respect to res ipsa loquitur in no way prejudiced the defendant.
Defendant's argument that he should have been granted an involuntary dismissal at the end of plaintiffs' case pursuant to R. 4:37-2(b) is without merit. The argument presupposes that the doctrine of res ipsa loquitur does not apply. Additionally, as stated in Rose v. Port of New York Auth., 61 N.J. 129 (1972):
* * * Whether we refer to this as the rule of res ipsa loquitur or simply say that the circumstances are such as to give rise to an inference that defendant was negligent, is perhaps no great matter. [at 136]
In this case, as in Rose, supra, the occurrence bespeaks negligence. A hotel guest is entitled to rely on a shower setting to remain constant. The sudden gush of hot water suggests a malfunction which in turn suggests negligence. These legitimate inferences required the court to deny the motion. See Dolson v. Anastasia, 55 N.J. 2, 5-6 (1969); Bozza v. Vornado, Inc., 42 N.J. 355 (1964); Bell v. Eastern Beef Co., 42 N.J. 126 (1964).
Defendant also urges that the trial judge erred in striking the defense of contributory negligence. We disagree. Giving defendant the benefit of all reasonable inferences, we find no evidence that plaintiff husband failed to exercise that *66 degree of care for his own safety which a person of ordinary prudence would exercise under similar circumstances. Defendant offered no testimonial evidence, and the exhibits, the direct and cross-examination of plaintiffs and their witness failed to reveal a basis for the judge to instruct the jury on contributory negligence. Gluckauf v. Pine Lake Beach Club, Inc., 78 N.J. Super. 8 (App. Div. 1963); Orbanus v. Seder, 48 N.J. Super. 512 (App. Div. 1957).
The trial judge did not err in allowing the doctor to testify as to the permanency of plaintiff husband's pain. The problem is one of semantics. Defendant argues that the doctor's reports obtained in pretrial discovery stated no permanent disability or injury. However, plaintiffs' answers to defendant's interrogatories alleged permanent pain. Under the circumstances, the judge exercised proper discretion in allowing the doctor to testify as to the permanent nature of the pain. The jurors were exposed to a searching cross-examination of the doctor, enabling them to fully evaluate the meaning of the answers to interrogatories and the doctor's reports. The doctor testified unequivocally that there was no functional disability of a permanent nature.
A review of the entire record satisfies us that there was adequate support for the jury's finding on liability. However, we are equally satisfied that the damages awarded were excessive, and the trial judge's use of the remittitur device was proper. The evidence supports the trial judge's determination that the damages assessed by the jury were disproportionate to the injuries and resulting disabilities. We find the remittitur to be generous but not beyond supportable evidence in the record. Taweel v. Starn's Shoprite Supermarket, 58 N.J. 227 (1971).
Judgment as modified by the order of remittitur is affirmed. Costs to plaintiffs.