150 N.J. Super. 160 (1977)
375 A.2d 274
FELIDA CASTRO, PLAINTIFF-APPELLANT,
v.
HELMSLEY SPEAR, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 18, 1977.
Decided May 13, 1977.
*162 Before Judges BISCHOFF, MORGAN and KING.
Mr. Sidney B. Kaufman argued the cause for appellant (Messrs. Cohen & Kaufman, attorneys).
Mr. Isaac Henkoff argued the cause for respondent (Messrs. Krieger, Klein & Henkoff, attorneys).
The opinion of the court was delivered by KING, J.S.C., Temporarily Assigned.
In this personal injury negligence case plaintiff appeals from an order of the trial judge setting aside a jury verdict for plaintiff on liability only and entering judgment for defendant. At the conclusion of plaintiff's case the judge entertained defendant's motion to dismiss for evidential insufficiency. If believed, plaintiff's proofs established that she had been struck by an airborne piece of wood on the parking lot of the Menlo Park Shopping Mall while leaving her employment at the Alexander's Store located in the Mall. After hearing argument the judge said, "With reference to your motion, Mr. Henkoff [defense counsel] I am going to reserve and make no decision at this time." No further explanation of the ruling was given. The defense then presented proofs in the form of testimony of a Mr. Comp, the manager of the shopping mall accident locus operated by the defendant corporation. Upon resting its case the defense again moved for judgment and the judge again tersely reserved decision without explanation, stating: "I am going to reserve on that." A trial judge in ruling on such motions, should always place on the record the reasons for decision. See Atlas v. Silvan, 128 N.J. Super. 247, 250 (App. Div. 1974).
Immediately following the return of the verdict in favor of the plaintiff, defense counsel orally renewed the motion *163 for judgment in favor of defendant. The judge heard argument and made the following ruling:
I feel that the plaintiff has failed to make out a prima facie case at the conclusion of the plaintiff's case and there is no evidence from which a reasonable jury can find negligence on the part of the defendant. Consequently, I'm setting aside the verdict of the jury and directing a verdict in favor of the defendant without costs.
Despite the parties' silence on the subject on this appeal, we are constrained to observe the absence of rule authority for a trial judge to reserve decision on a motion for judgment at the conclusion of the plaintiff's case. Unlike R. 4:40-2, which specifically authorizes a court to "reserve decision on a motion for judgment made at the close of all the evidence * * *." (emphasis added), no such authority to reserve decision is contained in either R. 4:37-2(b) or R. 4:40-1 governing motions made prior to the close of all the evidence. R. 4:37-2(b) which permits a defendant to move for judgment of involuntary dismissal after plaintiff has completed the presentation of evidence, merely permits denial of the motion "if the evidence, together with the legitimate inferences therefrom, could sustain a judgment in plaintiff's favor." Although R. 4:40-1 authorizes a party to move for judgment both at the "close of all the evidence or at the close of the evidence offered by an opponent" reserved dispositions are authorized only with respect to the former. R. 4:40-2. Neither R. 4:37-2(b) nor R. 4:40-1 expressly authorizes a trial judge to reserve on such a ruling made at the close of an opponent's case, but before the close of all of the evidence. We conclude that a trial judge lacks power in a civil case,[1] to reserve decision on a motion to dismiss prior to the close *164 of all the evidence since no such authority is found in the rules. Rather a trial judge must dispose of all such applications when made.
Clearly, the rules contemplate expeditious disposition of such applications, tacitly disapproving a practice enabling a judge to view as nonexistent probative evidence from a defendant which may cure the deficiencies in a plaintiff's case, or which, at the least, creates a jury question concerning plaintiff's right to recover. If a plaintiff's case is deemed insufficient at the time the motion to dismiss is made, the motion must be granted at that time; if it is not granted, it must be deemed to have been denied, even if the judge fails to articulate such disposition. Failure to grant the motion will require the judge to consider whatever evidence the defendant presents when ruling on the motion made at the close of all the proofs, or for judgment notwithstanding the verdict.
In the present case, by ruling on the sufficiency of plaintiff's case after the defense had been presented and after the verdict had been returned, the judge was attempting to ignore whatever value the defense testimony may have had on plaintiff's right to have the case considered by the jury. This he could not do. Once the defense evidence is presented, the judge was constrained to consider such evidence in determining the sufficiency of plaintiff's case. The Supreme Court has clearly stated the applicable test on all motions for judgment in Dolson v. Anastasia, 55 N.J. 2 (1969), as follows:
In the case of motions for involuntary dismissal, the test is, as set forth in R. 4:37-2(a) and equally applicable to motions for judgment, whether "the evidence, together with the legitimate inference therefrom, could sustain a judgment in * * * favor" of the party opposing the motion, i.e. if, accepting as true all the evidence which supports the position of the party defending against the motion and according him the benefit of all inferences which can reasonably and legitimately be deduced therefrom, reasonable minds could differ, the motion must be denied. Bozza v. Vornado, Inc., 42 N.J. 355 (1964); Bell v. Eastern Beef Co., 42 N.J. 126 (1964); Franklin Discount Co. v. Ford, 27 N.J. 473, 490 (1958). The point is that the judicial function here is quite a mechanical one. *165 The trial court is not concerned with the worth, nature of extent (beyond a scintilla) of the evidence, but only with its existence, viewed most favorably to the party opposing the motion. [at 5-6]
See also, Bell v. Eastern Beef Co., 42 N.J. 126, 129-130 (1964); Wenner v. McEldowney & Co., 102 N.J. Super. 13, 22 (App. Div. 1968).
The issue of the propriety of the trial judge's reservation on defendant's motion to dismiss at the end of the plaintiff's case was not raised by the parties to this appeal. Defendant did not cross-appeal from the trial judge's refusal to rule on the motion. Moreover, we are aware that the practice with which we express disapproval has been widely followed at the trial level to the present. Our refusal to recognize the trial judge's belated ruling on defendant's motion at the close of plaintiff's proofs could therefore work an injustice in the present case. The judge's unauthorized reservation on defendant's timely and meritorious motion could serve as the basis for imposition of liability when a proper disposition would have resulted in exoneration.
Hence the ruling in this case, disapproving of a trial judge's reservation of a motion to dismiss at the close of plaintiff's proof and holding that such reservation shall hereinafter be regarded as denial, shall have operation for the future only. For purpose of the present appeal solely, we shall pass on the judge's action as if the motion had been timely disposed of when made. In that context the motion was correctly granted and the jury verdict properly set aside. On consideration of plaintiff's proofs alone, no liability should be imposed on defendant. Plaintiff merely established that on a windy day she was struck by a piece of wood while walking in a commercial parking area. The origin of the piece of wood was unknown. It could have come from anywhere. Defendant's notice of its existence and any evidence concerning the foreseeability of harm was absent from the plaintiff's case.
*166 The trial judge's ruling setting aside the jury's verdict and granting defendant's motion for judgment is modified as indicated above, and as modified is affirmed.
Affirmed.
NOTES
[1] The principles discussed here have no application to criminal cases. See State v. Reyes, 50 N.J. 454, 459 (1967), where the Supreme Court stated that in ruling on motions to dismiss in criminal matters, "under the current state of our law, no consideration may be given to any evidence or inferences from the defendant's case."