183 N.J. Super. 55 (1982)
443 A.2d 236
GARRETT TERRELL, PLAINTIFF-APPELLANT,
v.
LINCOLN MOTEL, INC., A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 16, 1982.
Decided March 4, 1982.
*57 Before Judges BISCHOFF, KING and POLOW.
William D. Manns, Jr. argued the cause for appellant (Brown & Manns, attorneys; William D. Manns on the brief).
Robert J. Maloof argued the cause for respondent (Hein, Smith & Berezin, attorneys; Robert J. Maloof of counsel and on the brief).
The opinion of the court was delivered by POLOW, J.A.D.
Plaintiff suffered injuries when he fell through a glass shower door in defendant's motel. He claims that after the water temperature was adjusted, he stepped into the shower with a female companion and closed the shower door. Then, although the knobs had not been touched, he alleges that a burst of scalding hot water spurted forth and he fell through the door while attempting to force it open. The jury unanimously found that defendant was not negligent. Plaintiff's sole argument on appeal is that the trial judge erroneously refused to charge the doctrine of res ipsa loquitur.
Plaintiff testified that he checked into the motel with his companion at about 7:30 p.m., that they watched television for a while and then decided to take a shower. His companion turned on the water and adjusted the temperature to their mutual satisfaction. After the water had been running about 14 minutes, his friend entered first and stepped to the rear of *58 the tub. Plaintiff followed, "standing right under the shower head." Shortly after the door was closed, he felt a sudden spurt of hot water "steaming and smoking" from the shower head. He explained that because "it was too hot" he tried to force open the glass door and "slipped through the shower door." Bleeding from the head as a result of his injuries, he ran to the lobby for help.
There were several inconsistencies and contradictions. Although plaintiff contends that his injuries included "thermal scarring on his left ear and right thigh as well as multiple scarring on various aspects of his body," and photographs of the lacerations and burns allegedly suffered were produced, the hospital record contained no reference to burns. The manner in which the accident happened as related to the physician and memorialized in the hospital record differed somewhat from plaintiff's description during his trial testimony. Furthermore, his companion in the shower did not testify. Plaintiff offered somewhat inconsistent explanations for her failure to appear at trial.
Relying on our opinion in Wolfe v. Chateau Renaissance, 141 N.J. Super. 59 (App.Div. 1976), plaintiff's counsel requested a res ipsa charge. Wolfe also involved injuries allegedly sustained when plaintiff sought to avoid a sudden gush of extremely hot water in a hotel shower. He fell and was injured in the tub. We concluded that there were "reasonable grounds for the inference that if due care had been practiced by defendant having control of the plumbing facilities this accident would not have occurred." Id. at 64. Thus, the charge given by the trial judge, including res ipsa loquitur, i.e., "that the occurrence bespeaks negligence," was approved. Id. at 65.
Here, the trial judge did not deny that the doctrine may be applicable. Rather, upon plaintiff's objection to omission of a res ipsa charge, the judge suggested that the instruction had been included. He responded to counsel's request by saying:

*59 ... the res ipsa loquitur just gets you past the plaintiffs. If they believe what the plaintiff said, that's negligence. In other words, it is common knowledge that hot water should not spurt out of a faucet and burn you. So that's no particular problem.
Counsel then insisted that the res ipsa doctrine had not been clear in the charge but the judge responded:
... I couldn't say it any clearer. I said if they believe the version of the plaintiff that he shut the door and got the hot water, that's deviation from reasonable care. So I think you are covered.
However, we are unable to find any such clear expression of res ipsa in the charge itself. In this connection, the only instruction given to the jury followed a definition of reasonable care and comment on the facts. It is contained in the following section:
... So here the charge by the plaintiff is that the motel did not use reasonable care because it is their contention that in a shower you would not get a sudden spurt of hot water if there was reasonable care being used by the operators of the motel. That is the charge with respect to them because they contend that the pipes leading to the shower are under the exclusive control of the motel and that they should be kept in proper order and the same with the hot and cold water controls and that this is a deviation from reasonable care.
We find no reference to the elements of res ipsa loquitur or the inference to which plaintiff would be entitled if the doctrine were applicable. The failure to charge res ipsa, where applicable, constitutes reversible error. Vespe v. DiMarco, 43 N.J. 430, 439 (1964). In the absence of a clear res ipsa instruction, under circumstances where its inclusion is warranted, the error is compounded where, as here, the jury is told that negligence is never presumed.
Here, the jury, as instructed, followed the verdict form. When they answered the first question "Was defendant ... negligent?" in the negative, they went no further. Hence, we cannot determine whether the jury disbelieved plaintiff's sudden hot water testimony or accepted his version of events but concluded, based upon the instructions given, that since negligence is never presumed, plaintiff had not carried the burden to demonstrate defendant's negligence by a fair preponderance of *60 the evidence. If the latter occurred, plaintiff was deprived of the benefit of an inference that "if due care had been practiced by defendant having control of the plumbing facilities," there would have been no accident. Wolfe, supra, 141 N.J. Super. at 64.
We conclude, therefore, that plaintiff was entitled to a conditional res ipsa loquitur charge. The jurors should have been instructed to determine first whether the accident happened in the manner described by plaintiff. If they determined that the accident was not occasioned by a sudden burst of hot water as alleged, ordinary rules of negligence would be applicable. On the other hand, the jury should be further instructed that if they were to find that the accident did in fact happen in the manner described by plaintiff, they must further determine whether the three elements of res ipsa are present to justify an inference of defendant's negligence. These three requirements are: (1) that the accident which caused the injury does not ordinarily occur unless someone is negligent; (2) that the instrumentality which caused the accident was under exclusive control of the defendant and (3) that circumstances support the conclusion that the accident was not caused or contributed to by any act or negligence on the part of the injured party. Rose v. Port of N.Y. Auth., 61 N.J. 129, 136 (1972); Lorenc v. Chemirad Corp., 37 N.J. 56, 70 (1962). The third element becomes, under the facts presented here, an important issue for resolution by the trier of the fact. Although defendant suggested an alternate theory to explain the accident, the mere existence and possibility of such an alternative does not in itself bar consideration of res ipsa. The jury must determine whether and to what extent the accident was caused or contributed to by plaintiff. Even direct evidence that an injured plaintiff may have acted negligently does not preclude application of res ipsa loquitur if otherwise appropriate. Kahalili v. Rosecliff Realty, Inc., 26 N.J. 595 (1958).

*61 ... The rule is grounded in probability and the sound procedural policy of placing the duty of producing evidence upon the party who has superior knowledge or opportunity for explanation of the causative circumstances. This is an essentially permissive presumption that these circumstances furnish reasonable grounds for the inference that if due care had been exercised by the person having control of the instrumentality causing the injury, the mishap would not have occurred. If such an inference of fact is sustainable as reasonably probable, a prima facie case is established, and the issue is taken to the jury. The operation of this rule of evidence does not shift the burden of persuasion. [Bornstein v. Metropolitan Bottling Co., 26 N.J. 263, 269 (1958)]
Hence, we are fully satisfied that plaintiff's version of the cause of his injuries as presented to the jury justified a conditional res ipsa charge. Failure to include it put him at a disadvantage, the extent of which we are unable to measure. The manner in which the verdict form was presented gives no insight into whether the jury rejected the sudden hot water theory or accepted it but found no proof of defendant's negligence. If it was the latter, plaintiff was prejudiced since the jury was not instructed to consider the inference of lack of due care by the party having control of the instrumentality.
We do not thereby preclude a charge relating to contributory or comparative negligence. The res ipsa instruction does not mandate a verdict in favor of plaintiff. Indeed, under the circumstances of this case, all questions of liability remain for the jury's determination. Plaintiff's explanation may be entirely rejected by the jury in which event the res ipsa doctrine must be disregarded. The res ipsa instruction must be expressly conditioned upon plaintiff's ability to prove his version of the incident by a fair preponderance of the credible evidence.
Our review of this record satisfies us that the failure of the trial judge to expressly charge the elements of res ipsa loquitur deprived plaintiff of an important procedural doctrine to which he was entitled. Since it was clearly capable of producing an unjust result, reversal and retrial is warranted. R. 2:10-2.
Reversed and remanded for a new trial.